AMELIA WAGNER *vs.* FRANK WAGNER.

January 21, 1886.

| 34 | 441 |
| 84 | 406 |

Divorce—Allowance of Counsel Fees after Judgment of Dismissal.—
The court has no authority to grant an application, made under Gen. St. 1878, c. 62, § 15, for an allowance for counsel fees and expenses to enable a wife to prosecute an action for divorce, after the determination of the suit, and judgment in favor of the defendant.

Same—Motion heard by Consent after Judgment.—Where during the trial the defendant consented that such an application might be made after the hearing, and the court, at the close of the trial and before such motion was made, dismissed the action and heard the motion after judgment, *held* that the defendant might resist the application on the merits on the ground that the action was no longer pending, and that the judgment was conclusive against her right to such allowance; and a reservation by the court in its order of dismissal, saving to the plaintiff the right to make such application, was inoperative.

Appeal—Order after Judgment.—Orders granting or refusing such applications are reviewable on appeal, where they involve the strict legal rights of the parties.

Appeal by defendant from an order of the district court for Hennepin county, *Young*, J., presiding, making an allowance to plaintiff for counsel fees and expenses in an action for divorce. On December 12, 1884, the court filed its decision in the cause, directing "that the action be dismissed, reserving the right to plaintiff to make application

for such additional allowance as may be necessary to defray the expenses of this litigation." December 15, 1884, plaintiff served notice of motion for such allowance, and on the same day defendant caused judgment of dismissal to be entered.

*Robinson & Baker,* for appellant.

*C. H. Benton,* for respondent.

VANDERBURGH, J.    This was an action for a divorce, which, after a trial upon the merits, was dismissed by the court, and judgment subsequently entered accordingly.    After the entry of judgment, the court formally granted to plaintiff an allowance for counsel fees, and such expenses of the trial as were not covered by a previous allowance.    It appears that the plaintiff contemplated making such motion during the progress of the trial, but at the suggestion of the court, and by consent of counsel, it was postponed, and the court, in its order dismissing the action, reserved "to the plaintiff the right to make application for such additional allowance as may be necessary to defray the expenses of this litigation."

The statute provides that temporary allowances may be made to enable the wife to carry on or defend an action, or for her support during its pendency.    Gen. St. 1878, c. 62, § 15.    It contemplates that such allowances should be made while the action is pending, but not after its determination.    The final judgment of dismissal properly followed the order of dismissal, and the reservation of the right to make the motion was inoperative.    The action was no longer pending when the motion was made, and the authority of the court to grant it was at an end.

2. Conceding that the defendant consented, before or during the progress of the trial, that the motion might be subsequently heard, and that that fact is properly shown by the record, which is very indefinite on that point, he did not thereby waive or lose his legal right to oppose the same upon any ground that might exist when it should be made.    He might therefore resist it for the reason that the action was determined, and that the jurisdiction of the court had ceased, and also on the ground that in such case the defeated party is not entitled to an allowance.    The object of such allowances is to enable the wife to prosecute or defend the action, in order that the case may be fairly

investigated on its merits, and her rights fully protected; but, as said by the chancellor in *Wood* v. *Wood,* 2 Paige, 454, "it would be unreasonable to compel the defendant to furnish means to carry on a suit which the court must see could not be sustained." And so, also, after it is determined that the plaintiff has no cause of action, an order for past costs and expenses in favor of the defeated party would be unwarrantable and improper. 2 Bish. Mar. & Div. § 416; *Newman* v. *Newman,* 69 Ill. 167; *Chestnut* v. *Chestnut,* 77 Ill. 346; *Harrell* v. *Harrell,* 39 Ind. 185; *Wilde* v. *Wilde,* 2 Nev. 306. The plaintiff was therefore only entitled to the costs awarded her before the determination of the suit. Had the divorce been granted, further costs might have been allowed her in the judgment, and special provisions made under other sections of the statute. After an adverse decision, her only remedy was by motion for a new trial, or upon appeal, and whether, for such further proceedings, temporary allowances may be made, we need not consider.

The motion was made and considered as an application under section 15 of the statute above referred to, and we think the order was appealable. Such applications are ordinarily to be considered as addressed to the discretion of the court, and orders made thereon will not be reviewed on appeal unless there is an abuse of discretion. But if, as in this case, the order determines the strict legal rights of the parties, it is subject to be so reviewed under Gen. St. 1878, *c.* 86, § 8, subdiv. 3. *County of Chisago* v. *St. Paul & D. R. Co.,* 27 Minn. 110.

Order reversed.