## CHRISTINA KLAMPE v. FRANK KLAMPE.[1]

### June 15, 1917.

### Nos. 20,407—(142).

**Divorce — attorney and client — agreement against public policy.**

    1. An agreement between an attorney and the husband for a contingent fee of 50 per cent for the recovery of property in the wife's name, construed and *held* to be made for the purpose of facilitating a divorce in a proceeding about to be instituted by the one against the other, and therefore against public policy and void.

**Same — retention by attorney of money of client.**

    2. When an attorney in a divorce action serves notice of claim of lien for his fees upon the adverse party, and receives money thereunder to apply on the judgment, he cannot withhold the same from his client under a contract for fees in another matter.

**Same — attorney's lien covers only reasonable value of services.**

    3. Under a claim of lien for attorney's fees, the attorney may retain from his client, in the absence of an agreement for the amount of his fees, only sufficient to cover the reasonable value of his services.

Upon application of Frank Klampe the district court for Dodge county granted its order directing H. J. Edison to show cause why

[1]Reported in 163 N. W. 295.

he should not pay over to said Frank Klampe $1,250. Edison served upon plaintiff and her attorneys notice that he claimed an attorney's lien upon the moneys due to defendant. The matter was heard by Childress, J., who discharged the order to show cause. From the order discharging the order to show cause, Frank Klampe appealed. Reversed.

*Oscar C. Ronken,* for appellant.

*J. J. McCaughey,* for respondent.

QUINN, J.

Plaintiff and defendant, for about 40 years, were husband and wife and resided most of that time on a farm of 80 acres in Mower county which plaintiff had inherited. Through their joint efforts they acquired an eighty in Dodge county and a house and lot in Kasson, titles to which were in the plaintiff. Domestic trouble arose and for a number of years they lived apart, plaintiff remaining upon the Mower county farm with the children and defendant residing elsewhere. For a time defendant was engaged in the implement business at Kasson, but did not succeed well. He was illiterate, unable to write more than his own name, but possessed some ability for making bargains. Respondent Edison had resided in Dodge county all his life, was a graduate of the University, admitted to practice law, and since 1906 has practiced at Kasson.

In October, 1916, trouble arose over the possession of some cows on the Mower county farm and defendant employed respondent to bring replevin therefor. Before the papers were served the matter was settled and defendant paid respondent $35 for his services. A day or two later defendant went to respondent's office and consulted him with reference to a recovery of a portion of the property in his wife's name, stating that he had no money to pay attorney's fees. Respondent stated that he sometimes took such matters on a contingent fee, and that he would take his case for 50 per cent of whatever amount he might recover. Defendant accepted the offer and they entered into a written contract to that effect. At the time considerable talk was had about a divorce proceeding. On November 4 the summons and complaint herein were served upon defendant, who employed respondent as his attorney in

the divorce proceeding. Respondent then prepared and served an answer in the form of a general denial. On November 15 defendant was at Rochester, and in his absence respondent arrived at an agreement with plaintiff as to the amount she would pay defendant for his interest in the property when she obtained a decree of divorce. On the day following respondent, in company with plaintiff and her attorney, went to an adjoining county where the district court was in session. The plaintiff then offered proofs in the divorce proceeding. No testimony was offered on behalf of defendant, nor was he present. The court made findings and ordered judgment in favor of plaintiff for an absolute divorce, the custody of a minor child, and for judgment in favor of defendant in the sum of $2,500 for his interest in the property of plaintiff. On the same day judgment was entered upon such order and respondent caused a notice of claim of lien for his fees, dated on the previous day, to be served upon plaintiff and her attorney. Plaintiff then paid to respondent the sum of $1,250 upon the judgment. On the following day respondent procured from defendant a written consent to the trial of the case at that time.

At the hearing upon the order to show cause, respondent undertook to justify the retention of the money, and testified in response to the question: "Was some money paid over to you? A. Yes, the $1,250 was paid over to me by Mr. Little. I served that notice of lien to protect my interest. I didn't know whether it would stick or not but it scared them enough so they turned the money over to me." In his brief respondent insists that "there is no evidence in the record showing that the contract was for the purpose of facilitating a divorce. It had reference only to the respondent's contingent compensation for securing payment for appellant's equity in land held by his wife. The result of the respondent's services, rendered pursuant to the contract, was $2,500, of which each party has received $1,250 in full execution thereof. There is no equity in appellant's claim. Substantial justice has been done * * *."

The contingent contract is as follows:

"This agreement made and entered into this 11th day of October A. D. 1916, by and between Frank Klampe, Sr., party of the first part, and H. J. Edison, party of the second part:

WITNESSETH, That whereas the said party of the first part is desirous of employing second party as his attorney-at-law and counsellor to act for said first party in the recovery of such interest as he may have in real estate situate in Dodge county, Minnesota, and now appearing of record in the name of Christina L. Klampe, his wife, and to obtain said interest in land or money or other property from the said Christina L. Klampe or anyone else in whose possession such property may be found.

NOW, THEREFORE, In consideration of the said party of the first part paying to the said party of the second part as and for his services as such attorney-at-law, a contingent fee of fifty (50) per cent of any and all real estate, money or other property that shall be obtained by settlement or an action or actions in court, from the said Christina L. Klampe or anyone else in whose name or possession said property may be found, for said first party, the said second party hereby agrees to act as such attorney-at-law for the said first party in the recovery of such property, whether by settlement or by virtue of an action or actions in court.

IN TESTIMONY WHEREOF, Both parties have hereunto set their hands and seals the day and year first above written.

"FRANK KLAMP, SR. (Seal).
"H. J. EDISON, (Seal).
Signed, Sealed and Delivered in Presence of:
    "C. L. Willyard.
    "L. M. Sorenson."

The notice of claim of lien upon the judgment in the divorce proceeding following the title reads:
"Sirs:

Please take notice that H. J. Edison, the undersigned, who has been employed by the defendant in the above entitled action as an attorney at law for said defendant in said action, claims a lien for his compensation to the amount of Twelve Hundred Fifty Dollars ($1,250) upon all money and property in the hands of the plaintiff in said action, and upon all moneys now due from the plaintiff to the defendant in said action under and by virtue of said action, or stipulation or other writ-

ing connected therewith or entered into therein, or any judgment entered in said action in favor of defendant.

Dated November 15th, 1916.

To Christina Klampe, Plaintiff, and Lord & Little, Attorneys for Defendant, Kasson, Minnesota.

H. J. EDISON, Attorney for Defendant,
Kasson, Minnesota."

The court will not lend its aid to enforce a contract between an attorney and his client for fees that savors of oppression or that is against public policy. As we view it, the contract under consideration is, in its nature, when construed in connection with the intention of the parties and in the light of surrounding circumstances, against public policy. The law does not favor divorce, and any agreement for divorce, or any collateral bargaining promotive of it, is unlawful and void. Belden v. Munger, 5 Minn. 169 (211), 80 Am. Dec. 407; Adams v. Adams, 25 Minn. 72; Newman v. Freitas, 129 Cal. 283, 61 Pac. 907, 50 L.R.A. 548; 2 Bishop, Marriage, Divorce & Separation, § 696; Greenhood, Public Policy, 490.

At the time the contract was entered into, plaintiff and defendant were living apart. Respondent had brought replevin for defendant against plaintiff, a settlement had been had, talk of a divorce proceeding was indulged in. Respondent, with full knowledge of these matters, entered into a contract to recover part of the property in plaintiff's name for which he was to receive 50 per cent of any and all real estate, money or property that might be obtained by settlement or by actions. After looking into the matter to some extent, he advised defendant that he could not recover any of such property by suit. On November 4, the divorce action was brought. Respondent was engaged and put in an answer. November 15 he arrived at an agreement with plaintiff, whereby plaintiff was to pay $2,500 to defendant upon her obtaining a decree of divorce, with the understanding that defendant would put up no "scrap" at the trial. Twelve days after the service of the summons and complaint respondent, in company with plaintiff and her attorney, went to an adjoining county, and, in defendant's absence, the divorce case was proved up, judgment entered, notice of lien served and $1,250 paid to respondent.

Notwithstanding the freedom of our statute in giving an unrestricted right to an attorney to agree with his client as to his compensation for services, we are satisfied that it was the intention of the parties that the contract in question might be used for the purpose of obtaining a property settlement, either in the divorce proceeding or otherwise, and is therefore void. Loveren v. Loveren, 106 Cal. 509, 39 Pac. 801; Phillips v. Thorp, 10 Ore. 494; Hamilton v. Hamilton, 89 Ill. 349; Muckenburg v. Holler, 29 Ind. 139, 92 Am. Dec. 345; Jordan v. Westerman, 62 Mich. 170, 28 N. W. 826, 4 Am. St. 836.

We are of the opinion that respondent should not be heard to say, in view of the notice of claim of lien which he served upon plaintiff, that he did not receive the money thereunder and for services rendered in the divorce proceeding. He had no agreement with his client as to the amount of his fees. Plaintiff paid the money to respondent upon the judgment under his claim of lien. Respondent is not, as a matter of law, entitled to receive and withhold from his client the sum of $1,250 so received, but he is entitled to such amount for his services in the divorce proceeding as the court below may find to be reasonable. The order appealed from is reversed and the cause remanded for further proceedings in accordance herewith.