## SOPHIE BRODSKY v. NATHAN BRODSKY.[1]

July 3, 1925.

No. 24,687.

**Court has no authority to grant divorce to either party who withdraws demand for it.**

1.   Either party to a divorce proceeding, who asks for an absolute divorce, may withdraw the demand any time before the decree is granted. After such withdrawal, the court has no authority to grant a divorce to such party.

**Motion to amend complaint for absolute divorce to one for limited divorce should be granted.**

2.   A motion to amend an amended complaint, asking for an absolute divorce, so as to ask for a limited divorce and support, amounts to a withdrawal of the demand for a divorce, and should be granted as a matter of right.

1.   See Divorce, 19 C. J. p. 147, § 374.
2.   See Divorce, 19 C. J. p. 147, § 374.

1.   See note in 22 L. R. A. (N. S.) 999; 9 R. C. L. 443; 2 R. C. L. Supp. 801.
2.   See note in 1 A. L. R. 1591.

Action in the district court for Ramsey county for support and separate maintenance. The case was tried before R. D. O'Brien, J., who granted plaintiff an absolute divorce. Plaintiff appealed from an order denying her motion for a new trial. Reversed and remanded.

*Jesse B. Calmenson*, for appellant.

*Gustavus Loevinger*, for respondent.

QUINN, J.

Action for a limited divorce, commenced in April, 1923, upon the alleged grounds of abandonment and failure to support. In the

[1]Reported in 204 N. W. 915.

answer, defendant denies the abandonment and failure to support, and asks for an absolute divorce upon the ground of cruel and inhuman treatment. The case was tried in May, 1923. No allowance was made to the plaintiff for temporary support or suit money, except the sum of $50, allowed for attorney's fees. At the close of the testimony, the trial court announced that it was his opinion that an absolute divorce should be granted, and, if plaintiff would amend her complaint, he would grant her a divorce upon the ground of cruel and inhuman treatment. Counsel then moved for leave to amend the complaint, in accordance with the suggestion of the court. The plaintiff was present, but in no manner objected to the amendment. Leave to amend, as asked for, was granted. The court then suggested that the parties agree upon a division of property, and court adjourned without day.

The pleading was not amended, but, shortly thereafter, plaintiff insisted to her counsel that she did not want an absolute divorce and, accordingly, made an affidavit to that effect. Thereafter, her counsel made a motion for leave to amend her amended complaint so as to restore it to its original form, asking for a limited divorce and support. The motion was heard in November following, and was denied by the court. In January, 1924, further testimony was taken as to the value of property. Subsequently, counsel for the plaintiff withdrew from the case and her present counsel was substituted. It is manifest, from a reading of the pleadings and the record, that, at no time, did plaintiff ask for or desire a divorce. At the time of the first amendment of the complaint, the court had in no way indicated its opinion as to the division of the property. At the hearing of the motion to restore her complaint to its original form, plaintiff insisted to her counsel and to the court that she did not desire an absolute divorce. The defendant had been considerably absent from his family during most of his married life. He complains of having to pay hospital expenses and doctor's bills, incurred during his absence from home. It is well settled that either spouse, asking for a decree of divorce, may, at any time before the decree is granted, withdraw or dismiss the demand as a matter of right,

and that, after such withdrawal, the court has no authority to grant a divorce in favor of such party. We can conceive of no reason why the same rule should not apply to an action for a limited divorce and for support. Milliman v. Milliman, 45 Colo. 291, 101 Pac. 58, 132 Am. St. 181, 22 L. R. A. (N. S.) 999, and note; Adams v. Adams, 57 Misc. 150, 106 N. Y. Supp. 1064.

We think that the plaintiff's motion to amend the amended complaint should have been granted, so as to allow the pleading to be restored to its original condition. The plaintiff should not be required to take an absolute divorce, against her wishes. For these reasons, a new trial should be had. The case should be remanded for further proceedings upon the evidence already taken, and such further proofs as may be deemed proper, and allow the trial court to determine whether plaintiff should have separate maintenance, or the defendant an absolute divorce, and their property rights determined and adjusted.

Reversed and remanded.

On July 31, 1925, the following opinion was filed:

ON PETITION FOR REARGUMENT.

PER CURIAM.

The petition of appellant for reargument is denied, but it invites attention to an omission from the original opinion which should be corrected. It was our intention then to allow appellant $100 attorney's fees in connection with the appeal. The order for that allowance was inadvertently omitted from the original opinion. It is now ordered that such an allowance be, and it is hereby, made.