Fred L. Adams
vs.                    Div.No.16864
Annie E. Adams

RESCRIPT

July 10, 1926

BAKER, J. Heard on motion of respondent that she be allowed to discontinue her motion in the nature of a cross-petition.

The record in this proceeding shows that the matter was heard in January, 1925, and at its conclusion, Mr. Adams' petition was denied and dismissed and the respondent's motion in the nature of a cross-petition was granted. No exception was taken by the petitioner at any time to this disposition of the litigation.

It further appears that a stipulation was entered into whereby in adjustment of alimony and property rights the respondent should be paid the sum of $1500 by the petitioner. After the decision in the case this sum was deposited by agreement with the attorney then representing the respondent to be paid to her at the time the final decree on said decision was entered. No such final decree ever has been entered on the motion in the nature of a cross-petition, the respondent having, prior to the entry of such a decree, filed the present motion.

The petitioner objects to the granting of the motion, first, on the ground that the respondent by her actions in the matter and the position she has heretofore taken, chiefly in regard to the payment of the $1500 to her attorney, is estopped at the present time from discontinuing her cross-petition. Mr. Adams claims that she has waived any rights she might have to discontinue after her counsel accepted the sum of $1500 which had been agreed upon in the way of adjustment of property rights and alimony.

The petitioner further claims that the case of McLaughlin vs. McLaughlin, 44 R. I. 429, is not decisive of the question now before the court.

An examination of the record in the proceeding does not, in the judgment of the court, show any express agreement on the part of the respondent to permit the entry of a final decree in her favor. Presumably at the time the case was heard the law as laid down in the case of McLaughlin vs. McLaughlin, supra, was known to the parties. It seems clear from the statement made by the respondent's former attorney that the deposit of $1500 was merely made to him to hold until the entry of a final decree as an evidence of good faith on the part of the petitioner. It would seem that the payment was subject to the condition that a final decree should be entered before it was actually turned over to the respondent.

It is, of course, true, as claimed by the petitioner, that the case of McLaughlin vs. McLaughlin, supra, is not entirely similar to this case. The facts are unquestionably different in many details. At the same time, in the judgment of the court it would seem that the broad general principles laid down in that case apply to the case at bar. It is apparently the law, based chiefly on public policy, that the court will not force a divorce upon a party entitled to it if that party does not desire it, and that it is error to enter a final decree for divorce against the wish of a petitioner in whose favor a decision has been given.

In this case the respondent, who received the decision, now desires to follow the procedure indicated in the McLaughlin case, by withdrawing her motion in the nature of a cross-petition prior to the entry of the final decree.

See also:

Adams vs. Adams, 106 N. Y. S. 1064;

Millman vs. vs. Millman, 45 Col. 291;

Brodsky vs. Brodsky, 204 N. W. 915 (Minn.)

After considering the matter carefully, the court finds that there is nothing in the situation or circumstances as here revealed, and nothing in the action of the respondent, which would warrant the court in finding that she has waived any of her rights to discontinue her motion in the nature of a cross-petition, or that she is estopped by reason of the facts of this particular case from so doing. It seems to the court that when Mr. Adams deposited with the respondent's attorney the $1500 referred to, he merely took a chance that later a final decree would be entered and that this money would be paid over to the respondent, and he also took the chance that after consideration the respondent, being the successful party, might discontinue her petition.

It is, of course, apparently the law of this state that a party can not discontinue if the effect will be to deprive the other party of a right or of property.

Borda vs. Borda, 43 R. I. 384.

Stephens vs. Superior Court, 44 R. I. 282.

The petitioner calls these cases to the attention of the court. It does not seem that the respondent is at the present time taking a position inconsistent with one previously taken by her. It would appear that if the court grants this motion and allows the respondent to discontinue, conditions can be imposed which will do substantial justice to both parties and will not deprive the petitioner of any property or any rights.

The petitioner contends that if the motion is granted, this cause should in some way be reinstated so as to enable the petitioner to procure a review of the evidence upon his petition. The court at this time does not readily see how this can be done. In the first place, no such reinstatement proceeding is before this court and it

has doubt whether it has jurisdiction to grant any such relief as suggested. Further, it would appear that if the petitioner desired to have his petition reviewed, the only safe and reasonable thing for him to have done would have been to take an exception after the entry of the decision in the case. His contention is that he did not do this because he was satisfied with the arrangement entered into, but it seems to the court that he merely took a chance of this arrangement being finally carried out, and that, such arrangement having now failed, he can not ask this court to reinstate him as requested.

It is clear, however, of course, that the money deposited must be returned as a condition to the granting of the motion now before the court.

The respondent's motion to discontinue is granted on condition that she return to the petitioner the sum of $1500 deposited with her previous attorney, together with any accumulation of interest thereon.

For Petitioner: Huddy & Moulton.

For Respondent: Green, Curran & Hart.