## SOPHIE BRODSKY v. NATHAN BRODSKY.[1]

July 22, 1927.

No. 26,046.

**Defendant entitled to divorce because of wife's cruelty.**
> The evidence supports the finding that defendant is entitled to a divorce because of cruel treatment. Other assignments of error without merit.

Appeal and Error, 4 C. J. p. 847 n. 13; p. 969 n. 40, 48.
Depositions, 18 C. J. p. 612 n. 39.
Divorce, 19 C. J. p. 142 n. 52; p. 265 n. 72.
Evidence, 22 C. J. p. 168 n. 20; p. 485 n. 82.
Husband and Wife, 30 C. J. p. 1087 n. 43, 53; p. 1088 n. 57 New.
Trial, 38 Cyc. p. 1316 n. 35; p. 1328 n. 64; p. 1343 n. 18.
Witnesses, 40 Cyc. p. 2501 n. 94; p. 2607 n. 61; p. 2621 n. 55.

---

See note in 18 L.R.A.(N.S.) 300; 34 L.R.A.(N.S.) 360; 9 R. C. L. 334, et seq.; 5 R. C. L. Supp. 509; 6 R. C. L. Supp. 548.

Plaintiff appealed from a judgment of the district court for Ramsey county, Orr, J., granting the defendant an absolute divorce, and from an order denying her motion for a new trial. Affirmed.

*Jesse B. Calmenson* and *Oscar Hallam,* for appellant.
*Gustavus Loevinger* and *Othniel Brandt,* for respondent.

[1]Reported in 215 N. W. 181.

Wilson, C. J.

Plaintiff appealed from a judgment of divorce and from an order denying her motion for a new trial. The case has been here before. 164 Minn. 102, 204 N. W. 915.

The parties were married near Kiev, Russia, in 1893. Defendant came to America in 1907 and plaintiff with the children in 1909. In this action plaintiff seeks support and defendant an absolute divorce on the ground of cruel treatment. The findings are: Shortly after the marriage plaintiff commenced a course of cruel and inhuman conduct toward defendant. Plaintiff pursued a course of scolding, nagging and quarreling with defendant, abused him without cause. Plaintiff on numerous occasions accused defendant of infidelity (sometimes with negro women), adultery, and incest, in the presence of relatives, friends and acquaintances. She accused him of dishonesty, subjected him to disgrace, shame and humiliation. Because of such treatment, defendant became nervous and ill and suffered a physical breakdown.

We have carefully considered the record which contains over 1,000 pages. The contentions of the parties could not be reconciled. The trial court determined the facts. We are satisfied that the evidence supports the findings.

With such facts established a discussion of the law applicable is unnecessary. Williams v. Williams, 101 Minn. 400, 112 N. W. 528; Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L.R.A. (N.S.) 1100.

At the solicitation of the children the court attempted to effect a reconciliation. An expression from counsel for each party caused him to abandon his efforts. It is now charged that the court was guilty of irregular conduct and that he became prejudiced because he listened to the talk in the hope of a reconciliation. The record fails to support the assertion.

An attempt is made to predicate error upon the refusal of the court to make an order for taking the deposition of Dora Scheftel who was ill. The affidavits in support of the motion showed definitely that the testimony of the witness would be the same as that

already covered by other witnesses and not of great importance in the case. Denial of the application was not error.

Herschel Horwitz, a witness for plaintiff, testified that he had been in their home occasionally. He was asked: "State whether they appeared to be friendly or unfriendly, or quarrelsome or not quarrelsome," and "What do you say, Mr. Horwitz, as to the conduct of each of these parties towards the other?" The court sustained objections. The questions called for a conclusion of the witness. Plaintiff's cause of action being for support did not call for proof as to conduct. That was immaterial until defendant attempted to justify or excuse for failure to support. The same principle applies to the exclusion of an answer to a question put to the witness J. M. Garvin.

Plaintiff sought to prove that defendant did not support her while she lived in Russia. The court correctly sustained an objection as remote and immaterial under the complaint. The charge in the complaint was abandonment and nonsupport since 1921. The court liberally permitted the parties to give testimony relative to all the time after they arrived in America. The court sustained an objection to a question put to the plaintiff: "Whose money was it that was used?" because it called for a conclusion. The question related to money that was used by the defendant in purchasing certain real estate. It was the intention of the plaintiff to establish that she had an interest in the money. It was a family affair. The objection was rightly sustained. She was at liberty to state the facts and let the court decide whose money it was.

Complaint is also made to the exclusion of an inquiry of a witness as to who owned certain property at the time of the trial. It was immaterial as bearing upon the charge of nonsupport or in support of plaintiff's claim for support. The issue was not directed to the question as to whether or not the defendant was able to support. Aside from this, however, the matter was fully covered by the testimony of other witnesses. Esther Brodsky, testifying for plaintiff on her direct case, was asked questions as to the source of

certain merchandise, and this evidence was correctly excluded upon the same theory.

On cross-examination of the witness Esther Brodsky, the court overruled plaintiff's objection to an inquiry as to whether or not the defendant had not signed a proposed reconciliation agreement that plaintiff had refused to sign. This is assigned as error. We are unable to see wherein this was error, or if so, how it would prejudice the rights of plaintiff. It appeared that there were negotiations for a reconciliation. The fact that one party favored a definite proposition which was not satisfactory to the other does not commend the one nor condemn the other. Error is further urged because the court sustained an objection to an inquiry of plaintiff as to whether or not she had refused to sign such agreement. But the record shows that she conceded this to be true. It was not as if she had been refused an opportunity to deny an untruthful charge against her.

Error is predicated upon the exclusion of proof to the effect that plaintiff had recently been under treatment by a physician. This was immaterial and the issue in the case did not involve anything concerning her condition of health.

Witness Smertenko was asked on cross-examination if he had not at one time been arrested for assault and battery on his wife and plead guilty. This was excluded. This was error. It is always admissible under the statute to prove that a witness has been convicted of a crime upon the theory that it tends to discredit him. This was a trial before the court. It is not surprising that a few errors occur in the trial of a case involving such an extensive record, but in cases of this character and because other witnesses testified to substantially the same thing disclosed by Smertenko the error must be termed harmless.

Defendant offered evidence tending to prove that plaintiff by reason of severe verbal arraignment of the defendant had caused a large number of people to assemble in the street. Two witnesses who lived in the neighborhood were called and asked whether they had ever heard of the incident. This evidence was excluded upon

the theory that it did not amount to anything. It was negative testimony. Whether there was a sufficient foundation laid to justify the witness' answering was largely a matter for the discretion of the trial court.

The court sustained an objection of the defendant to questions asked the witness Joseph Brodsky, a son: (1) as to how much time he spent with his father at the store, (2) as to whether he had done anything in assisting him in the operation of the store, (3) as to whether he stayed there with him over night at any time during the last year. There was no materiality in any of these things. The court was correct. The fact that the defendant was the father of the witness showed more interest on the part of the witness than any of these trivial matters.

During the trial of the case the court made the remark that the children did not have "any business getting into the father's and mother's quarrels." This is assigned as error. Most of the children were called as witnesses by the plaintiff. It is claimed that this comment from the court indicated a prejudice against plaintiff. We do not so construe the language of the trial court. His admonition rather commended the son who had been with the father at his store and was to the effect that they were not to become partisans and parties to the quarrels. It had no bearing upon the fact that they were called as witnesses. We cannot assume that they were doing so to help either party but on the contrary to disclose the true facts as they understood them.

Defendant offered no proof to sustain an allegation in his answer to the effect that plaintiff had bought certain real estate with his money. In rebuttal plaintiff's counsel asked one of the children if the mother had purchased that particular property. This was not rebuttal and we are unable to grasp any theory to justify the inquiry notwithstanding three and one-half pages of the brief are devoted to it.

Fannie Ward is a niece of defendant. Fanny Breslaw, a daughter, testified that plaintiff helped prepare for the wedding of Fannie Ward. The court sustained an objection as immaterial to a ques-

tion as to what plaintiff did in preparing for this wedding. The inquiry related to details that had no bearing on the issue being tried.

The defendant owned property of the probable value of $12,000. Plaintiff received $1,000. The court awarded her $3,200. This totals substantially one-third. There is no occasion to disturb the award.

There is in evidence a loan agreement against an insurance company. It purported to be signed by plaintiff and defendant. Plaintiff says she did not sign it. Defendant claimed that he signed plaintiff's name but that she was present and authorized it. The son, Joseph Brodsky, signed as a witness to his mother's signature, and he was asked to state whether or not he signed at the request of defendant. Upon such a record it was immaterial if defendant requested him to so sign the instrument.

Affirmed.