## IN RE SOPHIE BRODSKY v. NATHAN BRODSKY.
## HERBERT P. KELLER, LIEN CLAIMANT.[1]

January 11, 1929.

No. 26,976.

*Hubert M. Harvey* and *H. Z. Mendow,* for appellant.
*Bruce J. Broady* and *George G. Chapin,* for respondent.

PER CURIAM.

This action for divorce comes here again, Brodsky v. Brodsky, 164 Minn. 102, 204 N. W. 915, 172 Minn. 250, 215 N. W. 181, upon an issue between plaintiff and Herbert P. Keller, who was her attorney from the beginning of the case through its first trial. After that other attorneys were substituted for Mr. Keller. Defendant was finally granted a divorce from plaintiff on a cross-complaint, but a sum of money was ordered paid into court by defendant for plaintiff's benefit. Upon that fund Mr. Keller asserted an attorney's lien for his unpaid fees and his disbursements for plaintiff's benefit. Upon a trial of the issue below, there were findings for Mr. Keller and an order for judgment in his favor establishing his claim in the

[1]Reported in 222 N. W. 931.

sum of $434.50 and making it a lien upon the fund already in court for plaintiff's benefit. Plaintiff appeals from the resulting judgment.

The record and arguments present nothing but the issue of fact as to the reasonable value of respondent's services and the amount of the disbursements made by him as plaintiff's attorney and for her benefit. There is ample support in the evidence for the findings made below, and so they will not be disturbed.

The principal attack upon the decision is based upon a letter written by Mr. Keller to the attorney who first took his place on plaintiff's side of the litigation, wherein he said that there was "$200.00 balance" still due him, upon which he "would like to be protected." He mentions also a substantial item of disbursements. No attention was paid to that letter by plaintiff or anyone acting for her. It never became an account stated or evidence of one. It remained at most an admission against interest by respondent, and so nothing more than evidence against him. It was not conclusive as against his later claim that the reasonable value of his services, plus his disbursements for plaintiff, aggregated a larger sum. Allis v. Day, 14 Minn. 388 (516) ; Wilson v. M. & N. W. R. Co. 31 Minn. 481, 18 N. W. 291; Wilkinson v. City of Crookston, 75 Minn. 184, 77 N. W. 797.

Judgment affirmed.