[No. 22010.   Department Two.   December 26, 1929.]

TYNNE FORSBY, *Appellant*, v. FRED FORSBY, *Respondent*.[1]

*Agnes N. Richmond,* for appellant.

*Murphy & Kumm* and *Orville C. Hatch, Jr.,* for respondent.

MITCHELL, C. J.—Appellant, Tynne Forsby, brought this suit stating a cause of action for divorce and asking for the custody of all the children and for a disposition of the property of the parties. Respondent, Fred Forsby, filed an answer and cross-complaint denying the material allegations of the complaint and alleging cause for divorce, asked that he be granted a divorce, custody of two of the children and an equitable division of the property. A reply was filed denying the material allegations of the cross-complaint for divorce. At the conclusion of the taking of testimony, the trial judge orally stated that the plaintiff was entitled to an interlocutory order or decree of divorce. Some days thereafter, the plaintiff filed a motion for an order voluntarily dismissing her complaint, the court at that time not having made or signed findings

[1]Reported in 283 Pac. 457.

of fact, conclusions of law or decree. The motion was denied and thereafter formal findings of fact, conclusions of law and an interlocutory decree were made and signed by the trial court and filed, granting an interlocutory divorce to the plaintiff. She has appealed.

Mention has been made in the brief and argument on behalf of the respondent of some agreement made by the parties at the trial which, it is argued, precludes the appellant from withdrawing her application for a divorce. Our understanding of the record in that respect is that there was such stipulation as to property rights. However, the controlling thing in determining the rights of the parties was the matter of divorce, concerning which there was not, and could not have been, any agreement between the parties that the court would for a moment have recognized—divorces are granted for cause, not upon agreement of the parties. Here the court has granted the appellant a divorce against her final expressed wish. We understand the rule to be that either party to a divorce action who asks for a divorce may withdraw the demand any time before the decree is granted, and that, after such withdrawal, the court has no authority to grant a decree to such party. This court has declared and adopted that rule. In *Studley v. Studley*, 141 Wash. 531, 252 Pac. 99, there was a complaint and a cross-complaint for a divorce and other relief. At the close of the trial, the court announced that the defendant, the wife, was entitled to a divorce. However, before findings of fact, conclusions of law or decree were filed, she amended her answer, without leave of court, withdrawing her cross-complaint, still denying plaintiff's charges against her and praying for a dismissal of his action. Notwithstanding the answer thus amended was called to the attention of the trial court, the trial court

thereafter made and entered findings of fact, conclusions of law and interlocutory decree according to his prior oral announcement, from which the wife appealed. In reversing the judgment in that case and ordering the action dismissed, we said:

"We know of no valid reason why, at any time before judgment, a party may not in such a case waive his rights to relief and withdraw or dismiss his application therefor, whether it be a complaint or a cross-complaint. This ought to be especially true in a divorce action, since the party not at fault should not be forced to submit to a divorce against his will. The authorities so hold: *Milliman v. Milliman,* 45 Colo. 291, 101 Pac. 58, 132 Am. St. 181, 22 L. R. A. (N. S.) 999; *Coon v. Coon,* 163 Mich. 644, 129 N. W. 12; *Brodsky v. Brodsky,* 164 Minn. 102, 204 N. W. 915."

Such will be the order in this case. The judgment appealed from is reversed and the cause remanded with instructions to dismiss the action.

FULLERTON, FRENCH, MAIN, and HOLCOMB, JJ., concur.