## HENRY PATZWALD v. OLIVIA STATE BANK AND ANOTHER.[1]

December 4, 1931.

No. 28,460.

*L. J. Lauerman* and *Robert Beach Henton,* for appellant.
*Freeman & Smith,* for respondent.

[1]Reported in 239 N. W. 771.

Wilson, C. J.

Plaintiff appealed from an order denying his motion for a new trial. Defendant Schendel has not appeared in this court.

On October 9, 1919, defendant Schendel, owning a house and lot in Olivia, mortgaged it to defendant bank for $2,500. On March 5, 1920, the bank sold and assigned the mortgage to Levi Mitchell.

On April 5, 1920, Schendel sold the premises to plaintiff on contract for deed for $4,500, payable as follows: $1,000 cash and balance to be paid in seven annual payments of $500 with interest. These payments were evidenced by seven promissory notes, the last maturing April 1, 1927. The contract made no reference to the existing mortgage and called for a conveyance free from encumbrance and the furnishing of an abstract showing good marketable title. There is a conflict in the evidence as to whether or not Schendel represented to plaintiff that the property was then clear from encumbrance, but there is no finding as to this.

On April 9, 1920, Schendel sold the seven notes to defendant bank for their face value, and the court has found that the bank purchased them in good faith and in the usual course of business.

Plaintiff paid the notes and interest in full by making payments to the bank, and he claims not to have known of the existence of the $2,500 mortgage until all but the last two notes were paid. He later paid them. At the time of the trial the mortgage, not having been paid, was in process of foreclosure.

In 1920 Schendel was the owner of equities in a large amount of land which at that time was considered of considerable value. While there is no definite finding thereon, it would seem from the record that Schendel is now insolvent. In any event he has failed to perform his contract with plaintiff, who has paid the full $4,500 and interest. This action followed.

Schendel was a brother-in-law of the cashier of the bank; he was a local real estate man; did his business at this bank; one of his attorneys was the vice president and director thereof. At the time when he sold the notes to the bank he had an overdraft of about $1,700 and owed them other moneys aggregating about $8,000.

Most of his property was mortgaged. These facts and others are pointed out by plaintiff as supporting his claim that the bank did not purchase the notes in good faith and for value in the usual course of business; but the trial court has found otherwise. The privileged character of the notes does not extend to the contract for deed. First Nat. Bank v. Marshall State Bank, 172 Minn. 571, 216 N. W. 231. These notes were negotiable. They accompanied an executory contract. There was then no default in the notes or accompanying contract and nothing to indicate that Schendel would not perform his part of the contract. The bank purchased these notes with full knowledge of the terms of the contract connected therewith and knowing that Schendel had agreed to convey the property in 1927, clear, and that it then had the $2,500 mortgage thereon maturing on October 9, 1921. It had no knowledge of any fraud in the inception of the notes and knew of no defect in Schendel's title thereto. The bank had a right to assume that Schendel would carry out his contract and pay the $2,500 mortgage at its maturity. While plaintiff had unwisely made such a contract, there was no reason then to anticipate Schendel's breach of the contract. In this situation the bank bought the notes and paid their face value therefor. The bank's rights became fixed upon the date of the purchase of the notes on April 9, 1920, and its rights could not be affected by Schendel's breach of the contract seven years later, he not being in default until the last note was paid.

Under the circumstances the evidence is sufficient to support the finding of the trial court that the bank was a bona fide purchaser of the notes for value before maturity and a holder in due course. Indeed, we would probably have difficulty in sustaining a finding to the contrary. We do not decide whether the record would require such holding as a matter of law. Such being the case, the plaintiff had no defense as against the bank, and it follows that he could not now recover from the bank upon the theory of money had and received, as the bank was entitled to collect what was paid to it by the plaintiff.

Plaintiff complains that he did not have a jury trial. He asked for a money judgment and sought to have it made a specific

lien upon the real estate involved. The action was not to recover for money only. It was therefore not a jury case. G. S. 1923 (2 Mason, 1927) § 9288. Plaintiff's motion to submit special issues to a jury was denied. Such a motion rests in the sound discretion of the trial court. The record fails to show any abuse of such discretion. The case was apparently put upon the calendar as a court case, and the record does not show that plaintiff ever demanded a jury trial, other than as to special issues, and he proceeded to trial before the court without protest. This would have waived the right to a jury trial had such right in fact existed.

Affirmed.