## MARGUERITE BROOKS JOHNSON v. CHESTER W. JOHNSON. LeROY BOWEN, APPELLANT.[1]

May 19, 1944.

No. 33,723.

*Coursolle, Preus & Maag,* for appellant.
*Frank E. Clinite, John B. Halloran,* and *Chester W. Johnson,* for respondents.

HOLT, COMMISSIONER.

Marguerite Brooks Johnson sued her husband, Chester W. Johnson, for an absolute divorce. The appellant was her attorney. Reconciliation followed, and the wife and husband stipulated to dismiss the suit, without costs to either party, but with prejudice. By order of court, the files in the action were sealed. All this was done without the knowledge of appellant. He thereafter petitioned the district court to vacate the order dismissing the action and

[1]Reported in 14 N. W. (2d) 617.

sealing of the files and to adjudge an attorney's lien under the authority of Minn. St. 1941, § 481.13 (Mason St. 1940 Supp. § 5695). The amount claimed by appellant was $10,000 for services and $85.56 for disbursements. Six different judges have filed orders touching appellant's rights. The final order denied his motion to vacate the order sealing the files and dismissing the divorce suit with prejudice, but without costs to either party. It is from this order that he appeals.

Since the early case of Wagner v. Wagner, 34 Minn. 441, 442, 26 N. W. 450, it is settled that when a suit for divorce is dismissed the authority of the court to grant attorney's fees or expenses of the divorce litigation is "at an end." There has been no decision of this court casting any doubt upon the correctness of the Wagner case. Beaulieu v. Beaulieu, 114 Minn. 511, 131 N. W. 481, merely holds that the parties, by resuming cohabitation while the divorce suit is pending, is not equivalent to a dismissal. In the case at bar there was a formal order of dismissal with prejudice. Brodsky v. Brodsky, 176 Minn. 198, 222 N. W. 931, cited by appellant, was a case where a divorce was granted and a fund was deposited in court for the wife. Of course, there the wife's attorney's lien could be impressed on that fund.

Appellant contends that the following cases from other jurisdictions authorize an adjudication in his favor, that is, an order vacating the order sealing the files and the order of dismissal: Taylor v. Taylor, 33 Idaho 445, 196 P. 211; Bovard v. Bovard, 233 Mo. App. 1019, 128 S. W. (2d) 274; Hampton v. Hampton, 85 Utah 338, 39 P. (2d) 703. The Idaho court takes a different view of divorce actions than did this court in Wagner v. Wagner. We still think that parties to a divorce suit are at liberty to dismiss the suit at any time before trial. In a divorce suit no property comes into the picture unless a divorce is granted; then, incidental thereto, property rights are adjusted, and an attorney's lien may be impressed. The divorce—the cause of action—is not susceptible of a lien. In the Bovard case there had been an order in behalf of the wife for temporary alimony and attorney's fees, upon which judg-

ment had been entered. Her attorney had execution issued to enforce it. Then the parties settled their difficulties and resumed marital relations, and the wife entered satisfaction of the judgment. The husband's motion to quash the execution was sustained in the appellate court. The opinion states that the cause of action in a divorce suit is subject to an attorney's lien, but the law there applied does not fit that of this court in Wagner v. Wagner, *supra*. In the Hampton case, the divorce action had been tried and funds had been paid into court under the decree. The wife's attorney withdrew $60 to be applied on attorney's fees allowed the wife. The supreme court directed the court below to vacate the order requiring the attorney to return the money. There could be no doubt of the attorney's right to a lien on the funds resulting from the divorce decree.

There is no occasion to cite or discuss cases from other jurisdictions to which we have been referred. Our case of Wagner v. Wagner, *supra*, appears sound, and under it the order from which this appeal is taken is affirmed.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER and MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.