# LOUISE McDONALD v. CHESTER D. JOHNSON.
## FRED A. OSSANNA AND CHARLES E. CARLSON, LIEN CLAIMANTS.[1]

June 24, 1949.

No. 34,902.

---

[1]Reported in 38 N. W. (2d) 196.

*Snyder, Gale, Hoke, Richards & Janes* and *James B. Hannah,* for appellant.

*Charles E. Carlsen, Jr.,* for respondents.

PER CURIAM.

This is an appeal from a judgment against plaintiff in the sum of $2,500, representing respondents' attorneys' fees in divorce proceedings. This amount was adjudged a lien upon any money due or to become due plaintiff in payment of alimony from the estate of Robert J. McDonald, deceased, former husband of plaintiff and defendant in the original divorce proceedings.

The questions presented here are: (1) May the court properly impress the attorneys' lien upon alimony payments, as hereinafter described; and (2) in summary proceedings in district court, may judgment be entered against a client for attorneys' fees in such action?

By the terms of the original divorce decree issued August 31, 1940, plaintiff was awarded a divorce and a lump-sum alimony settlement of $20,000, with further periodic alimony payments thereafter. At that time, the court fixed the reasonable value of respondents' fees at $2,000. Respondents were dissatisfied therewith, and on or

about October 11, 1940, entered into a further agreement with plaintiff whereunder they were to receive from her $2,500 as additional attorneys' fees. Prior to the present proceedings, no part of this balance had been paid. Judgment in the original divorce action was entered May 24, 1941.

On March 20, 1941, respondents served on defendant, Robert J. McDonald, notice of their claim for the additional $2,500 attorneys' fees and of their intent to claim a lien therefor upon the alimony awarded plaintiff and upon her interest in any further money or property involved in or affected by the divorce action. On June 2, 1943, respondents, who at that time had ceased to represent plaintiff, procured an order directing defendant to show cause why they should not have judgment against plaintiff for $2,500 additional attorneys' fees and a lien therefor upon plaintiff's interest in any money or property which defendant had been ordered to pay her. Notice of such order and respondents' motion in connection therewith were served upon defendant only.

Thereafter plaintiff, through her present counsel, appeared in such proceedings and filed affidavits in opposition to respondents' motion, affirming therein that she had not entered into an agreement with respondents for additional attorneys' fees and asserting that, their fees having been fixed by the court in the prior divorce action, the issue with respect thereto had become *res judicata*.

On June 28, 1943, respondents' motion and order to show cause came on for hearing. At that time, plaintiff filed written objections to respondents' motion, which were overruled. Issues of fact being present, the court transferred the matter to the September general term calendar for trial. On July 1, 1943, plaintiff made and filed a supplementary affidavit further objecting to respondents' claim and denying that they had performed certain services which they alleged had been performed.

On December 14, 1944, upon stipulation of plaintiff and defendant, the court made an order modifying the original divorce decree. The $20,000 lump-sum alimony payment provided for therein was

eliminated and provision made for payment of a like amount in monthly installments over a period of years.

On October 14, 1947, the issue with respect to respondents' fees was tried. Both plaintiff and respondents appeared therein. The representative of defendant's estate, though notified of the hearing, did not appear. Neither of the parties present moved for a jury trial. After the hearing, the trial court made findings and conclusions, including the following:

"* * * The Court having heard all of the testimony offered on behalf of the parties hereto, the arguments of counsel, and being fully advised in the premises, now makes the following

"FINDINGS OF FACT.

\*     \*     \*     \*     \*

"VI.

"* * * That a balance on said agreed attorneys' fees in the sum of $2500 remains unpaid. That the lien claimants are entitled to receive from the defendant for their services rendered, the sum of $2,500, * * *."

And as conclusions of law:

"That the lien claimants are entitled to judgment against the defendant in the sum of $2,500, * * *."

On October 21, 1947, subsequent to the trial, counsel for plaintiff, pursuant to a stipulation that such motion might be made at such time, moved for judgment on the pleadings or to dismiss the action with prejudice on the grounds: (1) That the previous order fixing $2,000 as a reasonable fee rendered the issue with respect thereto *res judicata;* (2) that a contract between a wife and her attorney to pay a portion of her alimony for attorneys' fees was void as against public policy; and (3) that the attorneys' lien statute, under which the proceedings were instituted, was not applicable in divorce proceedings.

On March 4, 1948, the conclusions were amended by adding the following provision:

"* * * said $2500.00 together with interest * * * shall be a lien upon any monies due the Plaintiff or to become due the Plaintiff in payment of alimony by the estate of Robert J. McDonald, Decedent."

On April 2, 1948, the conclusions were again amended by adding the following provision:

"That said lien be foreclosed and said defendant, as Administrator of the Estate of Robert J. McDonald pay to the lien claimants the sum of $2500 * * *."

On April 27, 1948, judgment was duly entered, from which this appeal was taken.

■ We are of the opinion that under the statutes of this state and numerous authorities respondents' lien for attorneys' fees became impressed upon the original award in the divorce action.

M. S. A. 481.13, relating to attorneys' liens, provides:

"An attorney has a lien * * *:

* * * * *

"(3) Upon the cause of action from the time of the service of the summons * * * and upon the interest of his client in any money or property involved in or affected by any action * * *;

"(4) Upon money or property in the hands of the adverse party * * *;

"(5) Upon a judgment, * * *;"

There is no exception therein with reference to attorneys' fees in divorce proceedings. In view of the plain language used, we cannot construe it as being inapplicable in such cases. See, In re Brodsky v. Brodsky, 176 Minn. 198, 222 N. W. 931; Johnson v. Johnson, 217 Minn. 436, 14 N. W. (2d) 617; Hampton v. Hampton, 85 Utah 338, 39 P. (2d) 703; Hubbard v. Ellithorpe, 135 Iowa 259, 112 N. W. 796, 124 A. S. R. 271; Putnam v. Tennyson, 50 Ind. 456.

True, there are cases holding to the contrary. See, Hilleary v. Hilleary, 189 Mo. App. 704, 175 S. W. 282; Sanner v. Sanner (Mo. App.) 46 S. W. (2d) 936; Mooney v. Mooney, 29 Misc. 707, 62 N. Y. S.

769; Matter of Brown, 178 App. Div. 558, 165 N. Y. S. 736; Thoresen v. Thoresen, 293 Ill. App. 168, 12 N. E. (2d) 28. However, in view of the statute above and our prior Minnesota decisions, we adhere to the former viewpoint.

■ Under the statute, the lien became impressed upon the $20,000 lump-sum payment immediately upon issuance of the decree. No part thereof could be regarded as a future or periodic alimony payment. Respondents promptly served notice of their intent to claim a lien thereon for their fees. The lien having attached thereto, the subsequent stipulation of the parties and order of the court eliminating the lump-sum payment could not nullify respondents' rights and interest therein. Cf. Northrup v. Hayward, 102 Minn. 307, 113 N. W. 701, 12 Ann. Cas. 341; Dell v. Marckel, 184 Minn. 147, 238 N. W. 1; Krippner v. Matz, 205 Minn. 497, 287 N. W. 19.

■ The trial court had previously ordered defendant to pay respondents $2,000 and fixed this amount as the reasonable value of their services. This, plaintiff asserts, rendered the issues with respect thereto *res judicata;* and, further, that any agreement for additional fees was void as contrary to public policy and the statutes relating to fees in divorce proceedings.

We do not agree. No authorities are cited to indicate that such an agreement is contrary to public policy. Section 518.14 provides:

"* * * the court, in its discretion, may require the husband to pay any sum necessary to enable the wife to carry on or defend the action, * * *."

Nothing therein can be construed as prohibiting the contract here found to be in effect. Thereunder, respondents might properly bargain with their client and agree upon a price for their services over and above the amount which the court might require the husband to pay. In the absence of collusion or overreaching on their part, we know of no legal principle which would limit their contractual rights in this respect. See, Culley v. Badgley, 196 Mich. 414, 163 N. W. 33, L. R. A. 1917F, 359.

■ It is suggested that an attorney's lien for services in divorce proceedings may not attach to future or periodic alimony payments. A number of authorities are cited in support of this principle. See, Hilleary v. Hilleary, 189 Mo. App. 704, 175 S. W. 282; Sanner v. Sanner (Mo. App.) 46 S. W. (2d) 936; Mooney v. Mooney, 29 Misc. 707, 62 N. Y. S. 769; Matter of Brown, 178 App. Div. 558, 165 N. Y. S. 736; Thoresen v. Thoresen, 293 Ill. App. 168, 12 N. E. (2d) 28. There are other authorities to the contrary. See, Klampe v. Klampe, 137 Minn. 227, 163 N. W. 295; In re Brodsky v. Brodsky, 176 Minn. 198, 222 N. W. 931; Johnson v. Johnson, 217 Minn. 436, 14 N. W. (2d) 617; Hampton v. Hampton, 85 Utah 338, 39 P. (2d) 703; Hubbard v. Ellithorpe, 135 Iowa 259, 112 N. W. 796, 124 A. S. R. 271; Putnam v. Tennyson, 50 Ind. 456.

We have not passed directly upon this issue. In a number of cases, we have recognized the right of an attorney to impress a lien for fees upon alimony where no issue was raised with respect thereto. See, Klampe v. Klampe, 137 Minn. 227, 163 N. W. 295; In re Brodsky v. Brodsky, 176 Minn. 198, 222 N. W. 931; Johnson v. Johnson, 217 Minn. 436, 14 N. W. (2d) 617. The original award here for $20,000 was not a future or periodic alimony payment. It was more than sufficient to pay respondents' lien thereon. This being true, a discussion of respondents' right to impress their lien upon future payments becomes unnecessary.

■ We are of the opinion that respondents' judgment was properly obtained and entered. We have held that an attorney's lien may be impressed and enforced in summary or ancillary proceedings in the main action. See, Weicher v. Cargill, 86 Minn. 271, 90 N. W. 402; Georgian v. M. & St. L. R. Co. 131 Minn. 102, 154 N. W. 962. A similar procedure was followed without objection in In re Brodsky v. Brodsky, 176 Minn. 198, 222 N. W. 931. Whether the fact issue should be submitted to the jury or determined by the court was within the discretion of the latter. See, Johnson Service Co. v. Kruse, 121 Minn. 28, 140 N. W. 118, Ann. Cas. 1914C, 850; Patzwald v. Olivia State Bank, 184 Minn. 529, 239 N. W. 771.

It is true that no notice of the proceedings to establish respondents' right to additional fees was served upon plaintiff by respondents. However, plaintiff voluntarily appeared in the proceedings and filed affidavits in opposition to respondents' motion. At the hearing, she appeared through her counsel and participated in the proceedings. The trial was wholly between her and respondents. Witnesses were sworn and testified in her behalf and in behalf of respondents. The sole issue to be determined was the agreement with respect to attorneys' fees, and this issue was determined by the trial court in respondents' favor. It is well settled that a party who voluntarily appears in proceedings and fully participates therein without objection is bound thereby. 1 Dunnell, Dig. & Supp. §§ 476, 479, and numerous cases cited therein.

The judgment of the trial court is affirmed.

---

[1]Reported in 38 N. W. (2d) 154.