[No. 33870.   Department One.   March 7, 1957.]

RALPH H. MCREYNOLDS, *Respondent*, v. JOSEPH THALER *et al.*, *Appellants.*[1]

*McKevitt, Snyder & Thomas*, for appellants.

*William M. Gerraughty*, for respondent.

FOSTER, J.—There is here for review the question of whether a plaintiff, as a matter of right, is entitled to a voluntary nonsuit at any time before a final ruling against him.

Appellants contend that, after the respondent (plaintiff) had rested at the conclusion of his opening case, and after appellants had challenged the legal sufficiency of the evidence, the respondent's (plaintiff's) motion for a voluntary nonsuit came too late, and that there was then no absolute right thereto.  On the other hand, the respondent (plaintiff)

[1]Reported in 307 P. (2d) 1060.

contends, and the trial court held, that he had an absolute right to a voluntary nonsuit up to the time of a final ruling against him, and that the granting of the motion involved no element of discretion. Such was the law, both statutory[2] and decisional[3], before this court promulgated Rule of Pleading, Practice and Procedure 4, 34A Wn. (2d) 70 (hereafter referred to as Rule 4), set out in the margin.[4]

After appellants' (defendants') motion challenging the legal sufficiency of the evidence was argued, the trial court announced that it could not submit the respondent's (plain-

[2]"1. Upon the motion of the plaintiff, (a) when the case is to be or is being tried before a jury, at any time before the court announces its decision in favor of the defendant upon a challenge to the legal sufficiency of the evidence, or before the jury retire to consider their verdict, (b) when the action, whether for legal or equitable relief, is to be or is being tried before the court without a jury, at any time before the court has announced its decision: *Provided,* That no action shall be dismissed upon the motion of the plaintiff, if the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction, or sets up a counter claim, either legal or equitable, to the specific property or thing which is the subject matter of the action.". Laws of 1929, chapter 89, § 1 (1), p. 172 (RCW 4.56.120; Rem. Rev. Stat., § 408 (1)).

Prior statutes: Territorial Laws of 1854, chapter 21, § 223, p. 170; Code of 1881, chapter 23, § 286, p. 79; Remington's Compiled Statutes, 1922, § 408, p. 397.

For an exhaustive study of the statutes and decisions see the note to House Bill 26, 21st regular session of the Washington state legislature, by Honorable Dix H. Rowland, counsel to the joint committee on revision of the laws. House Bill 26 was enacted as chapter 89, Laws of 1929.

[3]*Kosinski v. Hines,* 110 Wash. 25, 187 Pac. 712.

[4]"An action in the superior court, tried either with or without a jury, may be dismissed by the court and a judgment of nonsuit rendered upon the motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case, unless the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction or claim, either legal or equitable, to the specific property or thing which is the subject matter of the action: *Provided,* That the trial judge may thereafter entertain a motion for a voluntary dismissal without prejudice by the plaintiff upon good and sufficient cause in support thereof being first shown, but in such event the granting or refusal of such motion, and the imposition of terms as a condition precedent to the granting of such motion, shall rest in the sound discretion of the trial court." Rule of Pleading, Practice and Procedure 4, 34A Wn. (2d) 70.

tiff's) case to the jury. The judgment of nonsuit, entered approximately one month later, recites that the court had not announced its decision on the appellants' (defendants') motion challenging the sufficiency of the evidence when re-spondent (plaintiff) moved for a voluntary nonsuit.

Certain it is, however, that respondent had put in his case in chief and had rested before appellant challenged the legal sufficiency of the evidence. The question is gov-erned by Rule 4, the very essence of which is that the ab-solute right of a plaintiff is at an end when he has com-pleted his case in chief and has rested.

The trial court held that the respondent had the absolute right to a voluntary nonsuit at any time up to a final ruling against him *and specifically excluded any exercise of dis-cretion.* The court based its decision upon *McKay v. McKay,* 47 Wn. (2d) 301, 287 P. (2d) 330. That decision is limited to the facts then before the court. The decision is no more than this: That a plaintiff is entitled as a matter of right to a voluntary nonsuit at any time prior to trial and the filing of a pleading by the adversary in which affirmative relief is sought. But, that is not to say that the absolute right of a plaintiff to a voluntary nonsuit continues after he has rested his case and the defendant has challenged the legal suf-ficiency of the evidence.

After the plaintiff's case in chief is in and plaintiff has rested, *thereafter* the proviso to Rule 4 empowers the trial court to entertain a motion for a voluntary nonsuit "upon good and sufficient cause in support thereof being first shown." But from what has been said, it is manifest that we are not here dealing with any exercise of judicial discretion and there was no showing of good cause. Such discretion lodged in the trial court may be exercised only upon a showing. No opinion is now intimated as to the form or substance of such showing.

The judgment appealed from is reversed and the cause re-manded with instructions to pass upon appellants' challenge to the sufficiency of the respondent's evidence, with leave,

however, to the respondent to proceed under the proviso to Rule 4.

SCHWELLENBACH, DONWORTH, ROSELLINI, and WEAVER, JJ., concur.