[No. 35144. Department Two. May 12, 1960.]

THEODORE G. HECK *et al., Appellants,* v. KAISER GYPSUM COMPANY, INC., *Respondent and Cross-appellant,* ELLI V. BRYANT, *Defendant.*[1]

[1] Reported in 351 P. (2d) 1035.

*Skeel, McKelvy, Henke, Evenson & Uhlmann (W. E. Evenson* and *William H. Gates, Jr.,* of counsel), for appellants.

*Allen, DeGarmo & Leedy,* for respondent and cross-appellant.

FOSTER, J.—Appellants, plaintiffs below, the purchasers of the real property in question, sued to enjoin respondent company's execution sale of the premises and to quiet the title in themselves. Respondent company claimed its judgment lien to be superior to the rights of the appellant purchasers. Respondent, defendant below, cross-appeals from that portion of the judgment denying it damages in dissolving the temporary injunction.

The basic facts disclosed by the written agreement of the parties are:

The appellants are the record owners of the property which formerly belonged to Elli V. Bryant, additional defendant, and her then husband, James K. Bryant. On December 31, 1954, the property was listed with a real-estate agent for sale. On June 7, 1956, the respondent and cross-appellant, defendant below, attached the real property. Bryants were divorced by decree dated August 6, 1956, in King county, Washington. The property in question was awarded to the wife. James K. Bryant subsequently quitclaimed to his former wife. On the day following the entry of the divorce decree, appellants deposited earnest money and received an earnest-money receipt signed by Elli V. Bryant on August 8, 1956. The title insurance report dated August 15, 1956, disclosed the Kaiser attachment. Subsequently, on August 27, 1956, nineteen days after she signed the earnest-money receipt for the sale of the property, Elli V. Bryant filed a declaration of homestead.

On October 18, 1956, respondent company recovered judgment against the Bryants in the cause in which they had attached the property.

The court found, and it is hardly open to dispute, that at the time of the execution and filing of the declaration of homestead, Elli V. Bryant did not reside on the property and did not intend to return to it or make her home there.

The court found that the declaration of homestead was made in bad faith and void. We agree.

RCW 6.12.060 requires the declaration of homestead to contain, among other things:

"A statement that the person making it is residing on the premises or has purchased the same for a homestead and intends to reside thereon and claims them as a homestead."

Under the undisputed facts that the property had been for sale for more than two years and that Elli V. Bryant had entered into a sales agreement prior to execution and filing of the homestead declaration, it is abundantly clear that the claim of homestead was not made in good faith and that bad faith was actually manifested.

On a prepurchase visit, appellants learned that the house was vacant. In the light of the undisputed facts and the title report, it cannot be said that the purchasers were entitled to rely upon the vendor's homestead declaration. From their contract to purchase the property prior to the declaration of homestead, the appellants knew that Elli V. Bryant did not intend to return to the property and live in it. The judgment dismissing appellants' action to quiet the title in them is affirmed.

On the cross-complaint, at the time of the filing of the plaintiffs' complaint, the defendant and cross-appellant was in the process of selling the property under execution. Upon the institution of this action, the plaintiffs and appellants had the execution sale enjoined pending trial. That injunction was dissolved as a result of the trial on the merits. Respondent and cross-appellant seeks damages for dissolving the injunction.

*Donohue v. Johnson*, 9 Wash. 187, 37 Pac. 322, settled the law that, absent special proceedings to dissolve a temporary injunction, damages are not recoverable if the injunction is dissolved as a result of the trial on the merits. We find no reason for upsetting that conclusion sixty-six years later.

The cross-appellant, after resting its case, asked for a voluntary nonsuit. This was denied. Under such circum-

stances, a defendant in his cross-complaint is a plaintiff. *Northwestern & Pac. Hypotheek Bank v. Ridpath,* 29 Wash. 687, 70 Pac. 139. We recently re-examined the right of a plaintiff, after resting his case, to a voluntary nonsuit in *McReynolds v. Thaler,* 49 Wn. (2d) 905, 307 P. (2d) 1060, and concluded that at that stage a voluntary nonsuit could be granted only upon a showing of good cause. There was no such showing here.

The cross-appeal from the judgment denying costs, attorneys' fees and damages is, therefore, affirmed. Neither party will recover costs.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.

June 30, 1960. Petition for rehearing denied.

