[No. 2121-1.   Division One.   April 15, 1974.]

ELIZABETH J. GIBSON, *Appellant,* v. RICHARD M. GIBSON, *Respondent.*

*Hoover, Lind & Parkhurst* and *Fred N. Hoover,* for appellant.

*Branson, Hardwick & Conrad* and *Morton T. Hardwick,* for respondent.

PER CURIAM.—The plaintiff brought this action for a divorce from her husband. The defendant answered and by cross complaint sought a divorce as against the plaintiff. At the trial, both parties introduced evidence as to property division and support for the minor children, but only plaintiff established grounds for divorce.

When proposed findings, conclusions and decree

were presented to the court by defendant, plaintiff moved for dismissal. The court took the motion under advisement and subsequently reopened the case to admit testimony on defendant's grounds for divorce. The court then made the same property division and support provision that had been proposed and awarded a divorce to defendant.

On this appeal plaintiff, relying upon *Forsby v. Forsby,* 155 Wash. 33, 283 P. 457 (1929); *Studley v. Studley,* 141 Wash. 531, 252 P. 99 (1927), contends that she was entitled to a dismissal as a matter of right. It is true that after her motion the court was powerless to grant her a divorce against her wishes, but that did not prevent the court from proceeding with defendant's counterclaim. CR 41. *McReynolds v. Thaler,* 49 Wn.2d 905, 307 P.2d 1060 (1957). That is what the court did.

Plaintiff also contends that the division of property was inequitable. We have examined the record and determined that the division was well within the evidence. *Baker v. Baker,* 80 Wn.2d 736, 498 P.2d 315 (1972). In fact, the property division and provision for the support of the children appear to be fair in every respect.