PARSONS ELECTRIC COMPANY v. VILLAGE OF
WATERTOWN AND OTHERS.
L. A. POTTER, APPELLANT.

169 N. W. (2d) 20.

June 13, 1969—No. 41249.

*Schwinn, Nelson & Courey* and *Sam T. Courey, Jr.,* for appellant.
*Fudali, Remes & Fudali* and *Richard H. Fudali,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

OTIS, JUSTICE.

Plaintiff, an electrical contracting company, has brought this action against the owners and operators of a rubber and paint-mixing plant to assert a mechanics lien and to recover a personal judgment for work and material furnished in the repair of electrical motors which were damaged by flooding of the Minnesota River in 1965. The matter was heard without a jury. At the conclusion of the trial, plaintiff abandoned its claim for a mechanics lien. The court ordered judgment in the sum of $8,337.40 against appellant, L. A. Potter, and against the estate of the deceased defendant, Ralph R. Stark, who was in default.

The principal issues raised by appellant Potter are: (1) Whether he has been denied his right to a jury trial; (2) whether the evidence sustains the findings; and (3) whether evidence, hearsay as to appellant, was admissible.

The property here in question is known as Carver Rubber & Plastics Company, located in Watertown, Minnesota. The real estate was owned by Potter and the plant was managed by Stark, who had

an interest in the electrical motors damaged by the flood. In April or May 1965, Stark asked one Rolland Geibe, plaintiff's shop superintendent, to examine the damage to electric motors in the Carver plant and make an estimate of the cost of repairs. After viewing the damage, Geibe gave Stark an estimate of $5,000. Geibe testified that he took Potter through the plant before repairs were undertaken, discussed the work which had to be done, and was advised by Potter, "Anything else that comes up—contact—talk to Mr. Stark about it. He will tell you what to do, if there is any questions."

Plaintiff was not satisfied with the credit of the Carver company or Stark and refused to proceed with the work until it obtained an agreement from Potter to underwrite the cost. The agreement between Potter and plaintiff and the letter from plaintiff to Stark, to which the agreement referred, are as follows:

"May 7th, 1965

"Mr. L. A. Potter
4610 Browndale Avenue
Minneapolis, Minnesota
"Re: Carver Rubber Company
    Watertown, Minnesota
"Dear Mr. Potter:

"We are proceeding with the repair of the flood damaged electrical equipment in this plant with the understanding that the cost of this work will be paid for by yourself.

"We are enclosing a copy of our letter on this work and this is an estimate only and not a guarantee.

"Mr. Stark has requested us to do the necessary wiring of motors which had been wired temporary and also the wiring of new machines. The cost of this work was not included in our letter of April 23rd, 1965.

"Our terms for this work will be payment due on the tenth of the month following for work done in the previous month and 6% interest for unpaid balances beyond these terms.

"Our policy requires an acceptance of these conditions so I am

enclosing an additional copy with a self addressed envelope for you to sign and return.

"Yours very truly,

"PARSONS ELECTRIC COMPANY

By: /s/ R. D. Anderson

R. D. Anderson-Treas.

"R.D.A./gl

"Accepted by: /s/ L. A. Potter

L. A. Potter

4610 Browndale Avenue

Date: 5/14-65"

"April 23rd, 1965

"Mr. R. R. Stark

Watertown, Minnesota

"Re: Water Damage to Electric Motors, Electric Controls and Switching Devices at the Carver Rubber Company, Watertown, Minnesota

"Dear Sir:

"We have surveyed the situation and we feel that it would be very difficult to give you an exact estimate of the damage. We feel it would be more fair to both parties to do this work on a time and material basis.

"These motors will all have to be taken out of the Plant, hauled to our shop, disassembled, washed out, baked, tested, reinsulated, sleave bearings cleaned, if ball bearing — they would have to be replaced, reassembled and tested. We would then have to take them back to your plant and reinstall. In the plant, all the conduits and duct work would have to be dried out and switches and switching devices would have to be cleaned and dried.

"We estimate an approximate figure of Five Thousand Dollars ($5,000.00), which would not include the hauling or loading of equipment. 'Note this is not a firm price'.

"Yours very truly,

"PARSONS ELECTRIC COMPANY

By: /s/ A. C. McCan

A. C. McCan-President"

The parties have stipulated that the reasonable value of the work and material furnished by plaintiff was $17,337.40, of which $9,000 has been paid to plaintiff. Potter testified that from time to time he received statements for invoices as the work progressed but that he paid no attention to them because he regarded the contract as one with Stark and not with him. He testified that he had no interest in what the cost was beyond a guaranty of $5,000.

■ Potter asserts he was denied his constitutional right to a jury trial and cites in support of his position Johnson Serv. Co. v. Kruse, 121 Minn. 28, 140 N. W. 118; Landgraf v. Ellsworth, 267 Minn. 323, 126 N. W. (2d) 766; and Rules 38.01 and 38.02, Rules of Civil Procedure, which provide as follows:

38.01. "In actions for the recovery of money only, or of specific real or personal property, or for a divorce on the ground of adultery, the issues of fact shall be tried by a jury, unless a jury trial be waived or a reference be ordered."

38.02. "In actions arising on contract, and by permission of the court in other actions, any party thereto may waive a jury trial in the manner following:

"(1) By failing to appear at the trial;

"(2) By written consent, by the party or his attorney, filed with the clerk;

"(3) By oral consent in open court, entered in the minutes."

Significantly, the complaint in this action sought not only to assert a mechanics lien but to recover a personal money judgment against the defendants. In this posture of the case, defendants had a right to demand a jury trial with respect to the issues raised by the prayer for a money judgment. However, to preserve that right it was incumbent on defendants to demand a jury trial. Morton Brick & Tile Co. v. Sodergren, 130 Minn. 252, 255, 153 N. W. 527, 528. This was not done either before trial commenced nor after plantiff abandoned its demand for a lien and both parties had rested. The issue seems to have been raised for the first time during the argument for a new trial, although the notice of motion makes no specific men-

tion of that matter. The trial court held that under such circumstances a jury trial was waived, and we are in accord with that decision.

■ Defendant Potter earnestly contends that his liability is limited to the sum of $5,000 by virtue of the agreement he entered with plaintiff. Under some conditions a substantial disparity between an estimate and the actual cost may constitute a defense. We are of the opinion that it is not decisive in the case at hand. In the first place, the letter to Stark to which Potter's agreement referred expressly stated: "Note this is not a firm price." The proposal to Potter, which he accepted, further stated: "We are enclosing a copy of our letter on this work and this is an estimate only and not a guarantee." It appears from the evidence that substantially more work was requested and undertaken than the parties originally contemplated, and that at the commencement of the trial they stipulated that the amount claimed represented the reasonable value of labor and material furnished. Potter was a sophisticated businessman with a background of executive experience. There is no claim of deception or overreaching. Having entered what proved to be an improvident agreement, but one on which plaintiff had a right to rely, appellant may not be heard to say that recovery is limited to the original estimate.

■ We have considered appellant's claim that the testimony of Geibe concerning conversations with Stark was not binding on Potter and violated Minn. St. 595.04. We have determined, however, that Geibe was not an interested person within the meaning of the statute. Keigher v. City of St. Paul, 73 Minn. 21, 75 N. W. 732; In re Estate of Arnt, 237 Minn. 245, 248, 54 N. W. (2d) 333, 336. In any event, the trial court expressly stated that it had disregarded that testimony. The judgment is therefore affirmed.

Affirmed.