# JANICE P. CUMMINS v. MARTIN L. REDMAN.

251 N. W. 2d 343.

February 18, 1977—Nos. 46748, 46954.

*Donald A. Hillstrom,* for appellant.
*Friedell, McGinty, Solomon, Marker, Watson & Shinofield* and *Howard S. Marker,* for respondent.

PER CURIAM.

The marriage between these parties was dissolved in 1969. The decree which incorporated a stipulation between the parties relative to the obligation of support for the children of the parties provided as follows:

"That the defendant pay to the plaintiff as and for permanent support for the three (3) minor children of the parties the sum of Four Hundred Fifty ($450.00) Dollars per month in equal installments of Two Hundred Twenty-five ($225.00) Dollars each on the 13th and 26th of each month. That as each child becomes twenty-one (21) years of age, is self-supporting or emancipated, the monthly support payment for the remaining children

shall be reduced One Hundred Fifty ($150.00) Dollars per month. That the defendant also shall be allowed to claim the three minor children of the parties as exemptions on his Federal and State income tax returns."

The father ceased making support payments for Leslie Ann, born May 25, 1954, on June 1, 1972, and for Michael born October 5, 1956, on May 25, 1975. The mother in 1975 brought an action against the father in the Hennepin County Municipal Court to recover the arrearages due for the child support. The answer interposed the defense that the two children had been self-supporting or emancipated during the period which support payments would have otherwise become due. During the course of the trial the father moved to have the matter transferred to the Hennepin County District Court, Family Court Division, on the basis that the municipal court did not have jurisdiction and that the father was seeking forgiveness of any arrearages. The trial court denied the motion and subsequently found against the father as reviewed hereinafter.

After the completion of the trial in municipal court, the father moved the family court for an order establishing the two children were self-supporting or emancipated and that the wife was estopped from asserting her claim for arrearages. The motion also requested that the father be forgiven of any and all arrearages.

The municipal court made amended findings holding that the daughter was not self-supporting or emancipated and ordered judgment against the husband in the sum of $5,400.[1] Thereafter, the family court found that by submitting to the jurisdiction of the municipal court relative to the issue of the emancipation of the daughter, the father was estopped from invoking the jurisdiction of the family court and the adjudication of said issue by

---

[1] In the action to recover support money for the son the trial court found the son to be emancipated and self-supporting after finishing high school.

the municipal court be res judicata upon the expiration of the time for appeal. In addition the family court awarded the mother $500 as attorneys fees.

On this appeal by the father from the judgment in the municipal court and the order of the family court, he asserts as error:

(1) The determination by both courts that the Hennepin County District Court, Family Court Division, does not have exclusive jurisdiction of all matters arising out of a dissolution of a marriage.

(2) The finding that the daughter of the parties was not self-supporting or emancipated.

(3) The allowance of attorneys fees to the wife by the family court.

The father in urging the family court has exclusive jurisdiction relies on the language of the statute creating the court. Minn. St. 484.65 provides in part as follows:

"In the * * * fourth judicial district * * * a family court division of the district court is hereby created * * *."

Minn. St. 484.65, subd. 2, provides:

"Said district court judge shall hear and determine all family matters assigned to him by the chief judge of the fourth judicial district with the approval of the majority of the judges of said district."

This language hardly creates exclusive jurisdiction. What was involved in the municipal court was merely a suit to recover accrued arrearages. This entailed only the determination of the fact question whether or not the daughter was self-supporting or emancipated. As the trial court pointed out the action was not an effort to modify the decree but merely to interpret it.

The statute which established the Hennepin County Municipal Court makes clear that unless specifically excepted, the municipal court has all the power and jurisdiction of the district court.

Minn. St. 488A.01. The major jurisdictional exceptions, in addition to the amount involved and cases involving title to real estate, are provided in subd. 7 which provides the municipal court does not have jurisdiction over "an action for divorce." As noted, the suit considered by the municipal court was one only to recover on a judgment for arrearages. This court in Hampton v. Hampton, 303 Minn. 500, 229 N. W. 2d 139 (1975), which was an action to enforce support payments in a contempt proceedings, said:

"* * * [T]he judgment is enforceable by ordinary remedies such as levy, attachment, garnishment, and other proceedings available to judgment creditors under the laws of this state."

Hence the municipal court was not trespassing upon the family court's jurisdiction in passing on this action to recover on a judgment for arrearages.

The proceedings by the father in the family court was based upon a showing by affidavit that the daughter was emancipated and self-supporting. The affidavit summarized the evidence presented to the municipal court.

Briefly, the evidence developed in the municipal court proceedings showed that after finishing high school the daughter, while living at home, worked for 1 year. After a trip to Europe, she decided to attend college. Her mother paid her tuition and provided her with clothes and medical expenses.

There was no evidence of relinquishment of control and authority of the child or a severance of the parent-child relationship set forth as guidelines in In re Settlement of Fiihr, 289 Minn. 322, 184 N. W. 2d 22 (1971). That the trial court was correct in holding the daughter was not emancipated or self-supporting is exemplified by contrasting the daughter's situation with that of the son. After finishing high school, the son left the home and was either working or looking for a job.

The father represents that the case of Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975), placed him at a disad-

vantage because when the legislature reduced the age of majority from 21 to 18 he relied on that law to cease making payments. The daughter finished high school on June 9, 1972, when she was 18 years old. The law changing the age of majority was not changed to 18 years until June of 1973. Minn. St. 645.45, 645.451, and 518.54. The father stopped support payments a full year before the enactment of the law changing the age of majority. He should not be permitted to escape his obligation made as a result of an agreement between the parties at the time of the divorce. Yaeger v. Yaeger, 303 Minn. 497, 229 N. W. 2d 137 (1975).

The father's counsel stated in his brief as follows:

"* * * The power of the Court to award attorney fees is limited to '. . . proceeding(s) brought either for dissolution or separate maintenance, . . .' and when the award is '. . . necessary to enable the other spouse to carry on, or to contest the proceeding . . .'" Minn. St. 518.14.

The above-quoted is only part of the statute. Minn. St. 518.14 also provides:

"* * * An award of attorney's fees made by the court during the pendency of the proceeding * * *."

The statute authorizes the award of the attorneys fees. It is further ordered that the mother be awarded attorneys fees on this appeal in the sum of $350. Lenzmeier v. Lenzmeier, 304 Minn. 568, 231 N. W. 2d 71 (1975).

Affirmed.