Johnny **ROBERTSON**, Respondent,

v.

**SPECIAL SCHOOL DISTRICT NO. 1, Appellant.**

No. C9–83–349.

Supreme Court of Minnesota.

April 20, 1984.

266

John J. O'Donnell, Minneapolis, for appellant.

Frank W. Levin, Minneapolis, for respondent.

AMDAHL, Chief Justice.

The plaintiff Johnny Robertson commenced this action in the Hennepin County District Court to recover wages he claimed were due him from his employer, Special School District No. 1. In granting Robertson's motion for judgment on the pleadings, the court found that the school district was not entitled to offset the amount of unemployment compensation benefits Robertson received against the amount of backpay to which he was entitled and that Robertson was entitled to a statutory penalty award, but not costs and disbursements. We reverse in part and affirm in part.

The facts underlying this controversy are not disputed. Robertson commenced his employment with the Special School District No. 1 on July 21, 1981, as a child care worker. A series of complaints and reports of Robertson's unacceptable work performance received during his initial probationary period led to the recommendation for his discharge. Robertson's status as a veteran entitled him to a hearing on the proposed discharge prior to final termination. He requested and was granted a hearing. On January 4, 1982, he was suspended pending a decision after hearing.

On September 9, 1982, approximately 8 months after Robertson was suspended without pay, the Civil Service Commission after hearing ordered Robertson's discharge.

During his suspension, Robertson received unemployment compensation benefits in the amount of $2,380. The parties do not contest the eligibility or payment of these benefits or the fact that Robertson would have earned $7,499.76 had he worked during the period of suspension.

On September 24, 1982, Robertson demanded payment of wages withheld during the period of suspension. The school district does not dispute Robertson's entitlement to the wages, but contends that the amount due should be reduced by the amount of unemployment compensation benefits received. On October 22, 1982, the district paid Robertson $5,119.76, representing the amount of wages minus the amount of unemployment compensation received.

Robertson then commenced this action to recover the amount of the offset, together with an additional $630 representing 15 days of wages due to the delay in payment pursuant to Minn.Stat. § 181.13 (1982) and interest, costs and disbursements. This appeal by the school district was taken after

the district court awarded Robertson the amount of the offset and the penalty wages. Robertson challenges the denial of costs.

1. We first address the question of whether a public employer [1] is entitled to offset the amount of unemployment compensation benefits received by a discharged employee against backpay due the individual by virtue of his status as a veteran, for the period between suspension and final discharge. The Veterans Preference Act, Minn.Stat. § 197.46 (1982), provides that no school district veteran employee shall be removed from employment "except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing." This provision is designed to protect veterans from the insecurity of a political spoil system. *Johnson v. Village of Cohasset*, 263 Minn. 425, 435, 116 N.W.2d 692, 699 (1962). The parties here agree that this provision operates to entitle Robertson to his compensation until formally discharged after hearing. The statute does not indicate or imply that the veteran is entitled to any more than his wages and, as a result, this silence is not useful in resolving the issue of whether the amount of wages should have been offset by his unemployment compensation benefits.

The unemployment compensation statutes are also silent with regard to this issue. Unlike legislation in some states, the Minnesota unemployment compensation legislation does not require or forbid an offset of benefits as to backpay. While Minn.Stat. § 268.08, subd. 3 (1982), does enumerate several types of remuneration which render an individual ineligible to receive benefits in the week in which the. remuneration is received, the list does not directly prohibit the offset. Moreover, the list is applicable to eligibility, a matter not contested between the parties.

■■■ Two of our recent decisions, however, factually distinguishable, provide us with the basis for our resolution of the question here presented. In *Mrkonjich v. Erie Mining Co.*, 334 N.W.2d 378 (Minn. 1983), and *McClellan v. Northwest Airlines, Inc.*, 304 N.W.2d 35 (Minn.1981), we made it clear that we favor a policy of preventing an employee's double recovery due to the receipt of both backpay and unemployment benefits. The factual distinction found in the cases is that each, unlike the matter before us, related to a wrongful discharge. Finally, the remedial nature of this state's unemployment compensation law cannot be viewed as creating or approving a double recovery for discharged employees who benefit by virtue of their veteran status from other statutory protection. *See Foods, Inc. v. Iowa Civil Rights Commission*, 318 N.W.2d 162 (Iowa 1982) [2]. We therefore reverse that portion of the district court decision determining that no offset of unemployment compensation benefits against a backpay award is appropriate.

2. We then examine the propriety of the district court's award of 15 days additional wages pursuant to Minn.Stat. § 181.13 (1982). That statute provides as follows:

When any person, firm, company, association, or corporation employing labor within this state discharges a servant or employee from his employment, the wages or commissions actually earned and unpaid at the time of such discharge shall become immediately due and payable upon demand of such employee, at the usual place of payment, and if not paid within 24 hours after such demand, whether such employment was by the day, hour, week, month, or piece or by

1. We do not address the question of whether a private employer is entitled to offset unemployment compensation benefits received by an employee against backpay to which that employee is entitled.

2. While other jurisdictions have taken positions contrary to that announced by this court, we find that our decision is consistent with an integrated reading of the various legislative schemes. Compare, *Kauffman v. Sidereal Corporation*, 695 F.2d 343 (9th Cir.1983) and *Merriweather v. Hercules, Inc.*, 631 F.2d 1161 (5th Cir.1980).

commissions, such discharged employee may charge and collect the amount of his average daily earnings at the rate agreed upon in the contract of employment, for such period, not exceeding 15 days, after the expiration of the 24 hours, as the employer is in default, until full payment or other settlement, satisfactory to the discharged employee, is made.

Robertson demanded payment on September 24, 1982, 15 days after the order by the Civil Service Commission affirming his discharge. The employer did not pay the undisputed amount of wages until October 26, 1982. The district court awarded Robertson $630, or 15 days' wages, pursuant to section 181.13.

The employer contends that, as a school district subject to the statutory requirement that "[n]o contract shall be made or authorized, except at a regular meeting of the board," Minn.Stat. § 123.33, subd. 5 (1982), it paid Robertson's wages as promptly as it could, waiting only for the board of education's approval for the disbursement of funds.

■ There is no statutory exception providing school districts with a special time period for paying discharged employees their wages. The administrative delay here, whether necessary or not, does not operate to create an exception to the statute. As a practical matter, the school board may wish to direct the attention of the legislature to the situation where it is powerless to comply with the demand for payment by an employee without first seeking board approval for the disbursement of funds and it is difficult to call the board together to satisfy the statutory time limitation.

We affirm the penalty awarded against the school district in favor of Robertson.

■ 3. Finally, Robertson urges a reversal of the district court's denial of costs and disbursements. In this regard, the district court is accorded broad discretion and Robertson has failed to establish the requisite clear abuse of discretion to justify reversal. Robertson's claim for double

costs and attorney fees is without merit, particularly where, as here, the question presented is of first impression and no bad faith on the part of the school board has been shown. The denial of costs by the court is affirmed.

Reversed in part, affirmed in part.