Laurel A. MARCH, a.k.a. Laurel A. March Crockarell, Respondent,

v.

WEST MALL PARTNERSHIP, Defendant,

Dr. James P. Dunn, Respondent,

James L. Crockarell, Appellant.

No. C0–84–1951.

Court of Appeals of Minnesota.

May 14, 1985.

## OPINION

POPOVICH, Chief Judge.

Appellant James Crockarell appeals the trial court's granting of respondent Laurel March's motion to clarify an earlier judgment. Appellant claims (1) he was entitled to a jury trial, (2) the issue addressed by the trial court was res judicata, (3) the trial court lacked jurisdiction over the matter, and (4) the motion was barred by Minn.R. Civ.P. 13.01. We affirm.

## FACTS

Crockarell and March were formerly married. During the marriage, they formed a partnership with Dr. James Dunn. The partnership was called West Mall Partnership and was formed to own and manage a shopping mall known as Victoria Crossing West. The partnership interests were owned one-half by Dunn, one-quarter by Crockarell and one-quarter by March.

In 1980, March commenced dissolution proceedings against Crockarell in Ramsey County Family Court. Various disputes among the partners arose in the fall of 1981. Among other things, March believed that Crockarell had defaulted in his payments for the mall. March commenced an action in Ramsey County District Court against West Mall Partnership, Dunn and Crockarell. The parties entered a stipulation agreement before the trial was held, and a judgment was entered.

The stipulation agreement provided for the sale of Victoria Crossing West. The agreement provided one year in which the property could be sold under specifically described terms. If the property was sold within a year, Dunn's capital account was to be increased $21,450. If the property was not sold within a year, one-half of Crockarell's equity interest was to be transferred to Dunn. One-half of the Crockarell interest was valued at $21,450. These transfer provisions were made "in recognition of the claims of Dunn and March," but Crockarell retained the right to assert "that any such cash or partnership interest was a marital asset" in the pending dissolution action.

The parties' marriage was dissolved in Ramsey County Family Court in August 1983. In its findings of fact, the family court recognized the disposition of Victoria Crossing was controlled by the stipulation agreement. In its conclusions of law, the family court stated:

> Victoria Crossing-West Mall Partnership property, as legally described in the Findings herein, shall continue to be owned by the parties, 25% each.

Victoria Crossing was sold in February 1984. Accordingly, Dunn's equity interest

was to be increased $21,450. The provision for this increase, however, did not state who was responsible for the $21,450. Crockarell and March each placed $10,725 in separate escrow accounts pending a determination.

March then brought a motion in Ramsey County District Court to have the $21,450 come solely from Crockarell. Affidavits from March, her attorney, and Crockarell's former attorney supported March's position that Dunn's increase was to be paid solely by Crockarell. Crockarell contended the escrowed funds were marital property and requested a full evidentiary hearing.

On June 20, 1984, the district court issued an order requiring (1) the increase in Dunn's capital account to come solely from Crockarell, (2) the $10,725 placed in escrow by March to be returned to March, (3) one-half of the $10,725 placed in escrow by Crockarell to be released to March, and (4) that Crockarell pay attorney's fees of $1000. An accompanying memorandum explained that no additional testimony was needed to conclude that Dunn's increase should come solely from Crockarell. On August 8, 1984, the order was amended to release all of the $10,725 deposited in escrow by Crockarell to March and deleting the provision for Crockarell to pay attorney's fees. The amended order effectuated the district court's intent to render March's partnership interest whole and allocate the increase in Dunn's capital account solely to Crockarell.

## ISSUES

1. Was appellant entitled to a jury trial?

2. Was the issue relating to the increase in Dunn's partnership share res judicata by virtue of the parties' dissolution judgment?

3. Did the district court have jurisdiction to entertain March's motion?

4. Was March's motion barred by Minn. R.Civ.P. 13.01?

## ANALYSIS

■ 1. We need not determine the jury trial issue because appellant did not re-quest a jury trial of the trial court. Appellant's failure to request a jury trial amounts to a waiver of any right appellant may have had. *Parsons Electric Company v. Village of Watertown*, 283 Minn. 505, 509–10, 169 N.W.2d 20, 22–23 (1969) (interpreting Minn.R.Civ.P. 38.02).

■ 2. Appellant's claim the district court's order was barred by principles of res judicata is misapplied because the family court expressly recognized the existence of the stipulation agreement. The record indicates the family court left this matter to the determination of the district court. The family court was advised this matter would be heard in district court, and there is no indication the family court intended to decide this issue. The family court's statement that all property is awarded "free and clear of any claim by either party" does not preclude the district court from determining who is responsible for the increase to Dunn's account under its prior judgment.

■ 3. Appellant claims the district court did not have jurisdiction to hear March's motion because the Ramsey County Family Court had exclusive jurisdiction over the parties' property under Minn.Stat. §§ 484.64, subd. 2, 518.58 (1984). These statutes "hardly create[ ] exclusive jurisdiction." *Cummins v. Redman*, 312 Minn. 237, 239, 251 N.W.2d 343, 344 (1977). The district court had the jurisdiction to interpret its prior judgment. Minn.Stat. § 484.-01 (1984); *see Stieler v. Stieler*, 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955).

■ 4. Appellant claims March's motion is barred under Minn.R.Civ.P. 13.01. A counter claim is:

A claim presented by a defendant in opposition to or deduction from the claim of the plaintiff.

Black's Law Dictionary 315 (5th ed. 1979). We do not see how rule 13.01 applies when a plaintiff brings a motion asking a trial court to clarify its judgment. In any event, we believe any motion by March prior to the sale of Victoria Crossing would have been premature. The trial court prop-

erly clarified its earlier judgment, and its findings are supported by the record.

## DECISION

The trial court properly clarified and ordered appellant to comply with the terms of its earlier judgment.

Affirmed.