James H. PAWELK, Respondent,

v.

CAMDEN TOWNSHIP, et al.,
Appellants.

Nos. C1-87-1004, C3-87-1067.

Court of Appeals of Minnesota.

Nov. 10, 1987.

David P. Jendrzejek, Minneapolis, for respondent.

Robert A. Nicklaus, Chaska, for appellants.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Camden Township appeals the district court's reversal of a Veterans Preference Board's determination that James Pawelk was discharged for incompetency and misconduct. In a separate appeal, the township also contests the trial court's denial of a new trial on the issue of damages for the township's failure to comply with discharge provisions of the Veterans Preference Act. The cases are consolidated for review. We affirm in part, reverse in part and remand.

## FACTS

Camden Township employed James Pawelk to maintain township roads from October 1968 until May 1970, when he quit to farm full time. On February 1, 1979, without filling out a formal application, he returned to the position.

During the next four years, Pawelk maintained the 48 miles of township roads —grading, spreading gravel, plowing snow. As the township's sole maintenance employee, he also attended all township board meetings. Pawelk received pay raises and, by 1983, was paid $7.50 per hour.

From the beginning of his second term of employment, residents and board members expressed increasing dissatisfaction over specific instances of Pawelk's performance: too many days before accumulated snow was plowed; two-foot windrows left on the roads blocking travel; improper grading, creating muddy surfaces in which school buses became stuck and had to be towed;

and long hours on the job with little accomplished. Although these incidents were discussed with Pawelk at regular board meetings throughout the four years he worked for the township, the minutes first recorded the dissatisfaction in July 1983.

At the July 1983 board meeting, board members warned Pawelk of their dissatisfaction with the amount and quality of the work he was doing. He was told that his performance must improve. At the next meeting, on August 4, the township board again expressed dissatisfaction with his performance and, following a 15–minute discussion, unanimously passed a motion to discharge Pawelk immediately. Pawelk left the meeting with his final check, collected his belongings and turned in his keys.

In March 1984 Pawelk sued the township for wrongful discharge. In April 1985, by stipulation between the parties, Pawelk amended his complaint to allege violation of his rights under the Veterans Preference Act. Prior to the amendment, only one member of the township board acknowledged knowing that Pawelk "had been in the service." The board member did not know whether Pawelk had been honorably discharged.

Pawelk moved for summary judgment on his Veterans Preference Act claim. The trial court instead determined that Pawelk must petition for a writ of mandamus under Minn.Stat. § 197.46 (1982) to enforce his veterans preference claim. In January 1986 Pawelk petitioned for a writ of mandamus. A second trial court issued an alternative writ requiring the township to comply with the notice and hearing provisions of the Veterans Preference Act.

Pawelk then brought a second summary judgment motion for a determination that the township had failed to comply with the discharge provisions and that Pawelk had sustained damages of $31,929.03 in loss of pay. In June 1986 the trial court found that Pawelk was entitled to the protection of the Veterans Preference Act, including a discharge hearing and salary from the date of the order until he was properly discharged. The court reserved a determina-

tion on back pay from August 4, 1983, to the date of the order. The hearing on back pay between those dates was held in September 1986, and the court entered judgment for $31,929.03 in March 1987. Both Pawelk and the township moved for amended findings, and the township moved for a new trial. The court denied the motion for a new trial and issued amended findings, awarding Pawelk interest which increased the judgment amount to $36,028.39. The township appealed from the amended judgment.

In parallel proceedings, the township and Pawelk were also engaged in a discharge hearing under the Veterans Preference Act. An ad hoc Veterans Preference Board heard evidence and issued its findings. The board, with one member dissenting, found evidence of misconduct and incompetence and upheld Pawelk's dismissal. Pawelk appealed this decision in March 1987 to the district court, and a third trial court judge found that the board "abused its discretion" when it affirmed the township's decision to fire Pawelk. The township also appealed this decision.

### ISSUES

1. Are the Veterans Preference Board's findings that the veteran employee was discharged for incompetency and misconduct supported by substantial evidence?

2. Is the township entitled to a new trial before a jury in the wrongful discharge action?

### ANALYSIS

#### I

Under the Veterans Preference Act, a public employer may dismiss a veteran in its employ only for incompetency or misconduct. Minn.Stat. § 197.46 (1982). The legal standard for incompetency or misconduct is similar to the legal standard for just cause. The incompetency or misconduct must be related to the employee's job performance, *Ekstedt v. Village of New Hope*, 292 Minn. 152, 162–63, 193 N.W.2d 821, 828 (1972), and the employer must be found to have acted reasonably in discharging the

employee. *Matter of Schrader*, 394 N.W. 2d 796 (Minn.1986), provides a guideline for determining reasonableness:

> In determining whether the employer has acted reasonably, the board is to be guided by such considerations as the veteran's conduct, the effect upon the workplace and work environment, and the effect upon the veteran's competency and fitness for the job.

*Id.* at 802.

The Veterans Preference Board's determination of incompetency must be upheld if it is supported by substantial evidence on the record as a whole. *See State ex rel. Jenson v. Civil Service Commission*, 268 Minn. 536, 538, 130 N.W.2d 143, 146 (1964), *cert. denied*, 380 U.S. 943, 85 S.Ct. 1023, 13 L.Ed.2d 962 (1965). Substantial evidence is 1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; 2) more than a scintilla of evidence; 3) more than "some evidence;" 4) more than "any evidence;" and 5) evidence considered in its entirety. *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 825–22 (Minn.1977).

The Veterans Preference Board listed five specific reasons that supported the township board's decision to fire Pawelk:

1. Failure to maintain equipment according to orders;
2. Not accounting for overtime (i.e., 23 hours);
3. Cutting eight miles shoulders (instead mile/mile);
4. Refusal to obey orders by driving away.
5. Gravel ridge left for over a week.

These five complaints were among many contained in the record. Although the transcript did not specifically support the finding that the gravel ridge was left for over a week, there was more than one instance of gravel ridge problems, and at least one occurred after Pawelk had been warned.

Four township board members and two other township residents testified to problems with Pawelk's attitude toward the job, lack of communication with township board members, failure to follow the directions of the township board members, and job performance which left roads in poor shape for driving. Board members received numerous complaints from residents throughout the whole second term of Pawelk's employment.

Pawelk presented evidence which included testimony by a maintenance person from another township that on the roads where the townships met, Pawelk had done a good job and that he seemed to know mechanics well. Pawelk's wife testified that he spent many hours doing his job, and Pawelk himself testified.

In considering Pawelk's conduct, its impact on the workplace, and his competency and fitness for the job, the hearing board stated:

> We find that Mr. Pawelk was discharged for just cause for reasons of incompetence and misconduct on August 4, 1983. The panel considered the nature of the job, the work required to perform the duties of the employment and the qualifications necessary to fill the job. We considered the causes or reasons for dismissal in relation to how Mr. Pawelk performed his duties, and the evidence showing the existence of reasons for his dismissal. In that regard, the panel made its determination that the discharge was justified for reasons of incompetence and misconduct.

The board also found no extenuating circumstances which it believed would justify modification of the discharge. Pawelk's only claims of extenuating circumstances relate to his interpretation of how the job was to be performed. The evidence justified the board's finding that dismissal was a reasonable action.

A court may not substitute its own findings for those of the hearing panel, *Johnson v. Village of Cohasset*, 263 Minn. 425, 431, 116 N.W.2d 692, 697 (1962), unless manifest injustice would result. *State ex rel. Jenson*, 268 Minn. at 538–39, 130 N.W.2d at 146. Because substantial evidence supported the panel's affirmance of the township board's action, the trial court

erred in reversing the board's determination.

## II

The township also appeals the trial court's entry of judgment and denial of a new trial on Pawelk's claim that the township failed to comply with the Veterans Preference Act discharge provisions. The township claims: (1) that it is entitled to a jury trial on the issues of damages and whether it had notice of Pawelk's veteran status; (2) that the trial court erred in holding that Pawelk's claim was not defeated by the doctrines of laches, waiver and estoppel; and (3) that Pawelk cannot pursue causes of action under both his veteran's rights and contract claims.

### A.

■ The trial court correctly held that the township violated Pawelk's rights under the Veterans Preference Act, Minn. Stat. § 197.46 (1982), by discharging him without notice and a hearing. The statute requires a public employer that wishes to remove a veteran from his position to notify the veteran in writing of the intent to discharge, the charges supporting the discharge, and the veteran's right to request a hearing within 60 days of receipt of the notice. *Matter of Schrader*, 394 N.W.2d at 801.

Although the Act does not expressly require the public employer to determine the employee's veteran status, the burden of notice is placed on the employer and it is settled that an employer with knowledge of an employee's veteran status must comply with the Veterans Preference Act procedures. *State ex rel. Sprague v. Heise*, 243 Minn. 367, 369, 67 N.W.2d 907, 909 (1954). *See also Young v. City of Duluth*, 386 N.W.2d 732, 738 (Minn.1986) (a veteran need not make a request for a hearing until he has received written notice of his rights from the employer).

The township failed to give Pawelk notice and an opportunity for a hearing when he was discharged. Township affidavits admit that at the time of Pawelk's discharge, one member of the township board knew that Pawelk had been in the service. Even if it had but one employee, Camden Township must implement procedures to guarantee employees who are veterans their rights under Minn.Stat. § 197.46. The trial court did not err in concluding that Pawelk should have been given a notice of intent to discharge and an opportunity for a hearing.

■ The township next argues that the mandamus statute guarantees it the right to a jury trial on the damages issue. Minn. Stat. § 586.08 (1984). The mandamus statute provides for proceedings in the same manner as in a civil action, but it does not guarantee a trial in all cases. The statute confers no greater jury trial right than is generally available.

■ The court held a trial on damages in September 1986. Although it was a court trial rather than a jury trial, the transcript does not reflect any objection by the township. By not objecting to a court trial, the township arguably waived its right to a jury. *Cf. March v. West Mall Partnership*, 367 N.W.2d 565, 567 (Minn.Ct.App. 1985) (failure to request jury trial in connection with motion to clarify judgment amounts to waiver) (citing *Parsons Electric Co. v. Village of Watertown*, 283 Minn. 505, 509–10, 169 N.W.2d 20, 22–23 (1969)). Even if it did not waive a jury trial, the township failed to assign the denial of a jury trial as error in its motion for a new trial. Objections to trial procedure may be raised on appeal only if they have been assigned as error in a motion for a new trial. *Sauter v. Wasemiller*, 389 N.W.2d 200, 201 (Minn.1986). The township failed to preserve its right to appeal. Finally, there are no material disputed facts on the issue of damages. The township did not challenge Pawelk's diligence in mitigating damages.

■ Under the Veterans Preference Act, a veteran is entitled to compensation until he is formally discharged in accordance with Minn.Stat. § 197.46 (1982). *Henry v. Metropolitan Waste Control Commission*, 401 N.W.2d 401, 406 (Minn.Ct. App.1987) (citing *Johnson*, 263 Minn. at

437, 116 N.W.2d at 700). The veteran is also entitled to "interest calculated from the time each paycheck was due." *Henry*, 401 N.W.2d at 407. This sum is to be reduced by the amount that the veteran did earn, or with due diligence could have earned, in similar employment. *Id.* (citing *Spurck v. Civil Service Board*, 231 Minn. 183, 194, 42 N.W.2d 720, 727 (1950)). Pawelk's unemployment compensation must be subtracted from his back wages. *See Robertson v. Special School District No. 1*, 347 N.W.2d 265 (Minn.1984) (public employer entitled to offset amount of unemployment received against back pay due to discharged employee covered by Veterans Preference Act).

The trial court made findings on Pawelk's lost wages and insurance benefits. However, not all of these amounts are supported by facts on the record. The court properly found that Pawelk was entitled to wages from August 4, 1983, until June 13, 1986. Pawelk is also entitled to his lost insurance benefits, minus the $1,050.24 insurance benefits he obtained from his alternative employment during that period. The court concluded that Pawelk earned $15,767.95 in alternative wages, and this amount plus any amount he received in unemployment compensation must be subtracted from the total benefits.[1]

We remand to the trial court for an accurate determination of the amount due, plus interest from the time each payment was due.

### B.

■ The township argues that Pawelk's claim is barred by laches, waiver or estoppel. Pawelk's delay in raising his veteran's preference claim does result in additional liability for the township, and this factor is troublesome. *See Young*, 386 N.W.2d at 740 (Simonett, J., concurring specially). A veteran should promptly assert rights in order to minimize an employer's liability. *Heise*, 243 Minn. at 374, 67 N.W.2d at 912. However, laches does not bar recovery

when the delay was occasioned by a failure to act on the part of the party asserting the defense. *Id.*

This issue must be viewed in the framework of the statute that places the burden on the public employer to notify the veteran of the applicable rights. Although the passage of time increased the amount of back wages, even when Pawelk asserted his veteran's preference claim in April 1985, the township still did not issue the required notice until June 1986. We do not find that the trial court erred in failing to apply the doctrine of laches.

■ Nor is Pawelk's claim defeated by waiver or estoppel. A party may waive rights by not asserting them and may be estopped from claiming rights when his silence has resulted in avoidable loss to the other party. *See Village of Wells v. Layne–Minnesota Co.*, 240 Minn. 132, 141, 60 N.W.2d 621, 627 (1953). However, having asserted his veteran's preference rights, Pawelk did not waive those rights, nor should he be estopped from asserting them. The amount now owing to Pawelk is largely the result of the township's own delay.

The only limitation the legislature has placed on the time within which a veteran's preference action may be brought is that the veteran must "request a hearing within 60 days of receipt of notice of intent to discharge." Minn.Stat. § 197.46 (1982); *see Young*, 386 N.W.2d at 738. The township failed to provide Pawelk with notice or to take reasonable steps to determine his veteran status at the time of his employment. Under these facts, estoppel and waiver do not apply.

### C.

■ Finally, Pawelk's suit is not precluded by his concurrent action for breach of contract. A veteran does not waive his veteran's preference rights, nor is he estopped from bringing an action under Minn.Stat. § 197.46, because he has chosen

---

1. The township claims Pawelk received $4,290 in unemployment benefits. Pawelk's own affidavit in September 1985 admits to receipt of $6,968. No complete determination of benefits received through June 1986 appears in the record.

to pursue another remedy available to him. *AFSCME Council 96 v. Arrowhead Regional Corrections Board,* 356 N.W.2d 295 (Minn.1984). The legislature permits a veteran to pursue a veteran's preference claim in addition to any other right he may have. *See id.* at 300–01 (Wahl, J., and Simonett, J., concurring). The trial court did not err in permitting Pawelk to pursue his rights under the Veterans Preference Act.

## DECISION

We reverse that part of the trial court's decision which overturned the findings of the Veteran's Preference Board, and uphold the board's determination that Pawelk was not unreasonably discharged. We uphold the trial court's determination that Pawelk is entitled to damages for past wages and benefits with interest from the date due, and remand for a proper calculation of those damages.

Affirmed in part, reversed in part and remanded.