*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0652**

In the Matter of the Risk Level Determination of:
L. R. O.

**Filed January 25, 2016
Reversed and remanded
Ross, Judge**

Office of Administrative Hearings
File No. OAH 11-1100-31680

Bradford W. Colbert, St. Paul, Minnesota (for relator)

Lori Swanson, Attorney General, Michael T. Everson, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Chutich, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

L.R.O. has been in and out of prison for various crimes since 1994 when he pleaded guilty to third-degree criminal sexual conduct for raping a 14-year-old girl. An end-of-confinement review committee recently determined that, for the purpose of L.R.O.'s duty to notify the community, he poses a level-II risk to reoffend. L.R.O. asked an administrative-law judge to review that determination, but the judge summarily rejected the request without a hearing. L.R.O. appeals, arguing that the statute requires an evidentiary hearing in every appeal of a review committee's risk-level decision and,

alternatively, that he is entitled to a hearing based on the circumstances presented here. Because we hold that the statute entitles L.R.O. to a hearing under the circumstances here, we reverse and remand.

## FACTS

L.R.O. was 23 years old in 1994 when he had sex with a 14-year-old girl. He pleaded guilty to third-degree criminal sexual conduct. In the following years, L.R.O. was convicted of multiple misdemeanors, gross-misdemeanors, and felonies. Pending L.R.O.'s most recent release from prison, an end-of-confinement review committee considered what risk level it should assign him for the purpose of his community-notification duties as a sex offender. The committee sought a recommendation from a psychologist, who evaluated L.R.O. with a standardized test that resulted in a score putting L.R.O. in the presumptive risk-level-III range. The psychologist considered other factors and recommended a downward departure to level II. The committee adopted the recommendation and termed L.R.O. a level-II offender.

L.R.O. appealed the committee's determination to an administrative-law judge under the administrative-review provisions of Minnesota Statutes section 244.052, subdivision 6 (2014). The committee moved the judge to summarily dispose of the appeal. L.R.O. countered, maintaining that the committee erred in its determination and in applying the risk factors, and he challenged the accuracy of the test the psychologist relied on to make his recommendation. The administrative-law judge granted the committee's motion, reasoning that L.R.O. had not presented a material fact dispute and that the committee is entitled to judgment as a matter of law.

2

L.R.O. appeals by writ of certiorari.

## D E C I S I O N

L.R.O. challenges the administrative-law judge's decision summarily disposing of his request for review of the end-of-confinement review committee's risk-level assignment. On appeal from summary disposition, we first examine whether there are any issues of material fact and second whether the tribunal erred in its application of the law. *In re Leisure Hills Health Care Ctr.*, 518 N.W.2d 71, 75 (Minn. App. 1994), *review denied* (Minn. Sept. 16, 1994). L.R.O. argues that the statute plainly entitles everyone who challenges the committee's risk-level determination to an evidentiary hearing. He argues alternatively even if summary disposition might be lawful in some cases it was inappropriate in this case because genuine issues of material fact exist. We hold that the circumstances here prevent summary disposition.

"Summary disposition is the administrative equivalent of summary judgment." *Pietsch v. Minn. Bd. of Chiropractic Exam'rs*, 683 N.W.2d 303, 306 (Minn. 2004). In opposing the motion, a party may not rely on general statements of fact but must show, at the time of the motion, specific facts create a genuine issue. *Leisure Hills*, 518 N.W. 2d at 75. We view the evidence in the light most favorable to the party against whom the disposition was entered. *Tombers v. City of Brooklyn Center*, 611 N.W.2d 24, 27 (Minn. App. 2000).

Minnesota Statutes section 244.052 (2014) lays out a detailed evidentiary-hearing procedure for offenders to challenge a committee's end-of-confinement risk assessment. Subdivision 6(a) defines an offender's right to administrative review when the committee

3

assigns the offender a risk level of II or III. Subdivision 6(b) lays out the procedure for the hearing, including an offender's right to a "reasonable opportunity to prepare for the hearing," the requirement that the hearing "be conducted on the record before an administrative law judge," and the requirement that the offender be given "the right to be present, to present evidence in support of the offender's position, to call supporting witnesses, and to cross-examine witnesses testifying in support of the committee's determination."

L.R.O. maintains that the statutory procedure—particularly the review hearing—is available to every inmate who challenges a committee's risk assessment. The state argues that the statutory provisions instead show that the legislature did not contemplate hearings in every case. It emphasizes that subdivision 6(d) subjects the administrative review to the contested case provisions of chapter 14. It maintains that this arrangement indirectly encompasses Minnesota Rule 1400.5500(K) (2015), which is one of the rules that the office of administrative hearings has adopted to apply to chapter 14. And because rule 1400.5500(K) provides that the administrative-law judge shall "recommend a summary disposition of the case or any part thereof where there is no genuine issue as to any material fact," the state contends that the judge cannot be bound to conduct an evidentiary hearing in every case as a matter of right.

We observe that the statute states only that "[t]he review *hearing* is subject to the contested case provisions of chapter 14." Minn. Stat. § 244.052, subd. 6(d) (emphasis added). Because the statute specifies that the "hearing" is subject to chapter 14 (rather than stating broadly as the state suggests that the entire "administrative review" is subject to the

4

provisions of chapter 14), we cannot so simply reject L.R.O.'s argument for limited application of the summary-disposition rule. But we are certain that even if the statute does not require a hearing as a matter of right in every case, it requires a hearing in this case. We therefore need not answer the broader question.

L.R.O. argued to the administrative-law judge to deny the committee's motion for summary disposition because the committee failed to correctly apply certain statutory factors in making its determination. He specifically challenged its treatment of offender characteristics. He argued that the committee had failed to take into account his numerous positive characteristics that supported a level-I designation, including his employment history, his relationship with his daughter, his religious commitment, and his community support. We are persuaded by L.R.O.'s contention to the administrative-law judge that the committee failed to properly weigh and apply these factors raises a sufficient factual dispute to avoid a summary disposition.

The statute directs the committee to consider several subjective factors when it assesses risk. Minn. Stat. § 244.052, subd. 3(g). These include offender characteristics, such as the offender's response to treatment and history of substance abuse. *Id.*, subd. 3(g)(3). They also include the offender's community support, residential support, familial and social relationships, and the offender's employment stability. *Id.*, subd. 3(g)(4).

The committee addressed these subjective factors at least in conclusory fashion. For example, the committee recognized and apparently credited L.R.O.'s assertion that he intends to return to the town where his family will support him and where his daughter will live with him, the committee did not discuss whether or how these factors bear on its

5

assessment. The administrative-law judge's order granting summary disposition did acknowledge L.R.O.'s written argument challenging the committee's handling of the factors. But the administrative-law judge took no evidence that would develop the factors or bear on how they should be weighed. She instead declared that it was within the committee's discretion to weigh the risk factors as it deemed suitable and that she would uphold the committee's determination unless the determination was arbitrary. On that basis, she denied L.R.O.'s request for an evidentiary hearing.

We do not believe that the administrative-law judge correctly construed the law. By reasoning that, short of some procedural omission or factual misstatement by the committee, summary disposition is appropriate, the judge failed to see that the offender's right to appeal is not limited to purely legal errors. By affording the offender "the right to . . . present evidence in support of the offender's position, to call supporting witnesses, and to cross-examine witnesses testifying in support of the committee's determination," Minn. Stat. § 244.052, subd. 6(b), the statute does not bind the administrative-law judge to the committee's fact-finding and to its weighing of the factors relevant to the assessment. We have characterized the committee's assessment of the risk factors as subjective. *See In re Risk Level Determination of S.S.*, 726 N.W.2d 121, 126 (Minn. App. 2007), *review denied* (Minn. Mar. 28, 2007). The statute does not suggest that the committee has unreviewable discretion when it has weighed the subjective factors that the statute directs the committee to consider. The administrative-law judge's order implies that an offender can never avoid summary disposition by presenting documentary or testimonial evidence that would tend to show that the committee gave too little or too much weight to any particular factor. But

6

the highly subjective nature of the committee's required analysis coupled with the offender's explicit right to challenge that subjective analysis stand against that conclusion. They leave room for the offender to identify concerns that present a genuine dispute both as to the facts and to their effect on the assessment. The committee cannot foreclose the kind of fact-intensive review process contemplated by the statute merely by stating its findings on the statutory factors.

Our understanding is informed by the legislature's description of the evidentiary burden that the challenging offender must meet in an administrative review hearing. The statute harnesses the offender with the "burden of proof to show, by a preponderance of the evidence, that the end-of-confinement review committee's risk assessment determination was erroneous." Minn. Stat. § 244.052, subd. 6(b). By setting the standard of proof as "preponderance of the evidence" and including a procedure that allows for witnesses, the statute cannot be fairly construed as limiting the offender's administrative challenge only to a committee's erroneous legal determinations. Nor can it be read to foreclose a hearing in which the offender might present evidence to demonstrate that the committee's determination (including its underlying assessment of the factors) was erroneous.

In sum, we believe L.R.O. pointed sufficiently to the disputed issues that he intended to develop at a hearing and that he maintains would demonstrate that the committee improperly assessed his characteristics and erroneously determined his risk level. The state emphasizes that the committee departed downward and assigned L.R.O. a risk level below the presumptive level based on a recommendation by the psychologist, and it implies that

7

L.R.O. could not prevail in a hearing under that circumstance. We express no opinion about this and say only that the statute in this case gives L.R.O. a right to a hearing to present his challenge to the committee's determination. We therefore reverse the administrative-law judge's summary disposition and remand for an evidentiary hearing consistent with section 244.052.

**Reversed and remanded.**