*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1044**

Mohammad Sonbol,
Appellant,

vs.

Green and White Taxi Cab Company, Inc.,
Respondent.

**Filed April 11, 2016
Affirmed
Kirk, Judge**

Ramsey County District Court
File No. 62-CV-13-7992

Geoffrey Colosi, Colosi & Associates, LLC, White Bear Lake, Minnesota (for appellant)

Daniel A. Beckman, Abigail A. Pettit, Gislason & Hunter LLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Connolly, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Following a court trial, appellant challenges the district court's denial of his jury-trial demand, which was filed two days prior to trial. Because the district court did not abuse its discretion in determining that appellant had waived his right to a jury trial or in denying withdrawal of that waiver, we affirm.

# FACTS

From 2006 through 2012, appellant Mohammad Sonbol and respondent Green and White Taxi Cab Company, Inc. (GWT) were engaged in a licensing arrangement. In or about April 2013, Sonbol commenced a civil action against GWT.

At a summary-judgment-motion hearing in March 2014, the district court questioned whether the parties requested a jury trial or a court trial. Sonbol requested a court trial, and GWT agreed. On March 5, 2015, the district court issued a pretrial order stating that the matter was scheduled for a court trial during the block beginning on April 13. On April 3, Sonbol filed proposed jury instructions, special verdict forms, and "areas of voir dire" with the district court. He filed a demand for a jury trial on April 13.

On April 15, the matter came on for trial. GWT argued that Sonbol had waived a jury trial and that his jury-trial demand was untimely. Sonbol asserted that he understood that the district court contemplated a jury trial because its pretrial order requested proposed jury instructions and voir dire questions. He also argued that his demand was timely, that he never waived his right to a jury trial, and that a jury trial would take only one day.

The district court found that Sonbol had waived his right to a jury trial, conducted a court trial, and ruled in favor of GWT.

Sonbol appeals.

# D E C I S I O N

## I. The district court did not abuse its discretion in determining that Sonbol waived his right to a jury trial.

In Minnesota, the right to a jury trial is "inviolate," regardless of the amount in controversy. Minn. Const. art. 1, § 4. In actions for the recovery of money, "the issues of fact shall be tried by a jury, unless a jury trial is waived or a reference is ordered." Minn. R. Civ. P. 38.01. A party may waive a jury trial by "(a) failing to appear at the trial; (b) written consent, by the party or the party's attorney, filed with the court administrator; or (c) oral consent in open court, entered in the minutes." Minn. R. Civ. P. 38.02; *see also 301 Clifton Place L.L.C. v. 301 Clifton Place Condo. Ass'n*, 783 N.W.2d 551, 562 (Minn. App. 2010) (holding that the right to a jury trial "can be waived in civil settings where an intention to do so appears affirmatively or by necessary inference from unequivocal acts or conduct") (quotation omitted)).

We review a district court's determination that a party has waived his right to jury trial for abuse of discretion. *See Patzwald v. Olivia State Bank*, 184 Minn. 529, 532, 239 N.W. 771, 772 (1931) (stating that ruling on plaintiff's motion for jury trial "rests in the sound discretion" of the district court, and that, if plaintiff had a right to jury trial, it would have been waived); *see also Blenda Life Corp. v. Blenda Life, Inc.*, 293 Minn. 448, 451, 196 N.W.2d 925, 927 (1972) (holding that a district court has discretion to determine whether to allow a party to withdraw a jury-trial waiver in civil cases).

The district court did not abuse its discretion by determining that Sonbol waived his right to jury trial through oral consent in open court. *See* Minn. R. Civ. P. 38.02. At the

3

summary-judgment-motion hearing, Sonbol clearly requested a court trial.  Although the record does not contain minutes from the hearing, the court reporter's transcription of Sonbol's request is functionally equivalent for this purpose.  *See id.*; *Beach v. Anderson*, 417 N.W.2d 709, 713-14 (Minn. App. 1988) (holding that settlement stipulation memorialized on the record and transcribed by a court reporter satisfied writing requirement of the statute of frauds), *review denied* (Minn. Mar. 23, 1988).

**II.     The district court did not abuse its discretion in effectively denying withdrawal of Sonbol's jury-trial waiver.**

The district court, in its discretion, may allow a party to withdraw his waiver of a jury trial, "at least where the withdrawal will not prejudice the opposite party."  *Wittenberg v. Onsgard*, 78 Minn. 342, 348, 81 N.W. 14, 16 (1899).  In *Blenda*, we held that the district court did not abuse its discretion in denying a party's motion to withdraw its jury-trial waiver, citing "the complex nature of the issues to be presented."  293 Minn. at 451, 196 N.W.2d at 927.

Unlike the federal practice of limiting the time for demanding a jury trial, Minnesota has no specific deadline.  *See* Fed. R. Civ. P. 38(b), (d) (providing that a jury trial is waived unless demand is made within 14 days after last pleading directed to the issue triable by jury).  However, it is clear from caselaw that a jury trial cannot be sought for the first time after the close of evidence at trial.  *See Parsons Elec. Co. v. Vill. of Watertown*, 283 Minn. 505, 509-10, 169 N.W.2d 20, 23 (1969) (jury-trial waiver where first raised in appellant's motion for a new trial); *Karlstad State Bank v. Fritsche*, 374 N.W.2d 177, 183 (Minn. App.

4

1985) (waiver where first raised in final argument); *March v. West Mall P'ship*, 367 N.W.2d 565, 567 (Minn. App. 1985) (failure to request jury trial prior to appeal).

Here, we conclude that the district court did not abuse its discretion in rejecting Sonbol's jury-trial demand, which amounted to a motion to withdraw his jury-trial waiver. While he filed proposed jury instructions, special verdict forms, and "areas of voir dire" 12 days before trial, Sonbol filed his formal request for a jury trial only two days before trial was scheduled to commence. The district court cited a number of court-scheduling problems with switching to a jury trial at that time. A district court has "considerable discretion in scheduling matters and in furthering what it has identified as the interests of judicial administration and economy." *Rice Park Props. v. Robins, Kaplan, Miller & Ciresi*, 532 N.W.2d 556, 556 (Minn. 1995). Further, although the district court did not address prejudice to GWT, parties are always likely to prepare differently for a jury trial than a court trial. Notably, Sonbol did not indicate to the district court that he would be amenable to a continuance in order to achieve a jury trial.

**Affirmed.**